SUCCESSION OF BERNARD FOX—OWEN MAHONEY, Appellant.    2r 299 | 105 711

Acknowledgments by one since deceased, proved by a witness who could not be contradicted, much less convicted of perjury, though he had sworn falsely, is the weakest kind of evidence, and scarcely worthy of any belief. But where, in an action for the value of work done for the deceased, it was proved to have been performed ; and two witnesses testified to the acknowledgment of the debt by the deceased, *in extremis,* in the presence of his wife and of the magistrate who was receiving his will, either of whom might have been produced to contradict the statement if false, and no other attempt was made to rebut or discredit the testimony, the claim will be considered *sufficiently proved.*

APPEAL from the Court of Probates of New Orleans, *Bermudez,* J.

BULLARD, J. The petitioner sues to recover of the estate of Ber-

---

nard Fox the sum of thirteen hundred and twenty dollars, which he alleges is due to him for his services as a laborer and drayman for two years preceding the death of Fox, according to an account annexed to his petition. After an exception touching the sufficiency of the petition, which we think was correctly overruled, the respondent answered to the merits, by denying any settlement of accounts between the deceased and the petitioner, admitting her quality of executrix, and generally denying the facts and allegations in the petition.

There was judgment for the petitioner for only a part of his demand, and he has appealed.

It is shown clearly that the petitioner was in the constant employment of the testator for two or three years before his death, engaged in digging foundations, pulling down old houses, and laboring generally. This is proved by the brother of the testator, as well as by other witnesses. The former stated that an hour or two before Bernard Fox's death, he heard him say that he owed the petitioner fourteen hundred or fifteen hundred dollars.

Charles Dimond testified that he heard Bernard Fox speak of Mahoney some time before his death, saying that Mahoney was very useful to him, and that he owed him about twelve hundred dollars. He was present at the death-bed of B. Fox when Judge Grivot was taking his will; heard him say he owed Mahoney about thirteen hundred dollars; he repeated it two or three times, and wished it to be inserted in his will, but the judge said it was an account that could be settled afterwards. Ann Fox, the executrix, was present at the time, sitting on the bed.

Murphy made a similar statement of what occurred at the time when the will was received, and corroborates the statements of other witnesses to the services of Mahoney.

This evidence was in our opinion clearly admissible, and the acknowledgment of indebtedness being proved by two witnesses and supported by strong corroborating circumstances, must be regarded as sufficient to make out the petitioner's case. It is true we have often said that the acknowledgment of a deceased person, proved by a witness who could not be contradicted, much less convicted of perjury if he swear falsely, is a very weak kind of evidence, and scarcely worthy of belief at all. But in this

case the services are shown to have been rendered. Two witnesses swear to the acknowledgment of the testator *in extremis*, in the presence of his own wife, and of the magistrate who was receiving his last will, and who might have been produced to contradict them. No attempt was made to rebut this evidence, or to discredit the witnesses. With such evidence before us, we cannot concur with the first judge that the plaintiff is entitled to recover only a part of his demand.

The judgment of the Court of Probate is therefore reversed, and ours is, that the petitioner recover of the successor of Bernard Fox thirteen hundred dollars, with interest at five per cent from judicial demand; and the costs in both courts.

Submitted, without argument, by *Preston* for the appellant.

*J. Mitchell*, contra. ·