(101 South. 147)

No. 24715.

### BEARD v. MORRIS & CO.

(June 27, 1924.)

*(Syllabus by Editorial Staff.)*

1. Municipal corporations ⬤═706(3) — Fault causing collision must be proved.

One suing for death of passenger in motor vehicle in collision must show that defendant was at fault in causing accident.

**2. Municipal corporations ⬥⟹706(5)—Evidence held not to show fault in driving motor vehicle.**

In action for death of one riding on side of motor vehicle when struck at street intersection by defendant's motor truck, plaintiff *held* not to have discharged burden of showing that collision was caused by defendant's fault, through running onto right of way of street or in failing to maintain brakes or in speeding.

**3. Evidence ⬥⟹265(18)—Admission of one dead at time of trial weakest kind of evidence.**

Admission by one who was dead at time of trial that brakes on motor truck were not good is weakest kind of evidence, and could not establish that brakes were not good.

**4. Municipal corporations ⬥⟹705(4)—Use of oil lamps for headlights not negligence.**

Fact that motor truck was equipped with oil lamps instead of electric lights for headlights was not negligence.

**5. Municipal corporations ⬥⟹706(5)—Evidence held not to show want of lights on truck.**

Evidence that only one headlight on motor truck was burning after collision was not evidence that both were not burning prior to collision.

**6. Municipal corporations ⬥⟹705(11)—Want of lights on truck held not proximate cause of collision.**

Failure of motor truck to have both headlights burning did not enter into proximate cause of collision, where burning lamp was throwing sufficient light to have enabled plaintiff's intestate to have seen truck.

**7. Municipal corporations ⬥⟹706(5)—Evidence held not to show truck driver's fault in not sounding horn.**

Evidence *held* not to establish that motor truck driver was at fault in not sounding horn before collision at street intersection.

**8. Municipal corporations ⬥⟹705(2)—Automobile driver may assume other vehicle operated at proper speed.**

Motor truck driver in approaching an intersection has right to assume that automobile approaching on right angle street is being operated at a speed permitted by ordinance.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by James M. Beard, tutor, against Morris & Co. Judgment for defendant, and plaintiff appeals. Affirmed.

Leslie P. Beard, of New Orleans, for appellant.

Merrick & Schwarz, of New Orleans, for appellee.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

OVERTON, J. Plaintiff is the tutor of Milton Daniel Romera. In his capacity, as tutor of said minor, he instituted this suit to recover judgment against Morris & Co., for $15,000, with legal interest thereon from judicial demand until paid, for the death of Felix J. Romera, the father of his ward. Romera's death is alleged to have been caused by the negligence of William J. Sullivan, Jr., the servant and employee of defendant, while driving a truck for his master.

It appears that on the night of August 31, 1919, Felix J. Romera attended a dance at West End in this city. On the same night three young men, who had been engaged in the World War, and were then students at a vocational school in this city, attended the same dance. At approximately 4 o'clock in the morning the three ex-service men concluded to return to the central portion of the city, and engaged passage in an automobile for that purpose. The automobile was a five-passenger one, and was operated for hire by Joseph St. Angelo. St. Angelo had, as a passenger, besides the three ex-service men, an acquaintance, named Edward Flick. Flick and St. Angelo sat on the front and the three ex-service men on the rear seat. As the automobile was about to leave, Felix J. Romera, also an acquaintance of St. Angelo, got upon the running board, on the left side of the car, for the purpose of returning with the others. St. Angelo testified that there was still another person in the automobile who sat on the front seat,

between him and Flick, and Flick so testified, but the evidence of the three ex-service men is directly to the contrary, and in our view preponderates. There is also evidence to the effect that, while it would have crowded the automobile for Romera to have gotten inside of it, yet he was told to do so, but declined the offer. While there is evidence to the contrary, yet we think that the invitation was extended him.

St. Angelo testified, and in so doing is supported by Flick, and to some extent by a third witness, that his car, from the time of its departure from West End until the accident occurred, was operated at approximately 15 miles an hour. On the other hand, the three ex-service men testified that, when the car reached Canal street, St. Angelo increased its speed to such an extent as to make them feel uneasy. One testified that he increased it to 30 or 35 miles an hour, another, to that speed or faster, and Williams, the third one, testified that the car was going too fast to suit him, and that he looked over the shoulders of those in the front seat to ascertain what the speedometer was registering, and that it showed that the automobile was being operated at a speed of 40 miles an hour.

The record impresses us that Williams' statement is correct; and hence we find that the automobile was being run at 40 miles an hour on Canal street. This speed appears to have been maintained until the moment of the accident.

The automobile was running on the uptown side of Canal street, somewhere between the center of that side and the neutral ground running through the middle of the street. As the car approached the intersection of Canal street and Carrolton avenue a truck which belonged to defendant and which was being driven by Wm. J. Sullivan, Jr., an employee of defendant, who was then engaged in the service of his master, was

crossing Canal street, from the downtown side, at its intersection with Carrolton avenue. When the truck reached the uptown side of Canal street a collision occurred between it and the automobile that was being driven by St. Angelo. The collision knocked St. Angelo's car around in a semicircle; Romera was thrown from the running board of the car on which he was standing to the pavement; both of his legs were broken, and he received other injuries, from which he died several hours later. Those within the car escaped without injury, with the exception of one who received a comparatively slight wound on the head and was dazed for a while. An examination of the car, after the collision, showed that the running board on which Romera was standing was crushed, as was also the left rear fender of the car, and that the automobile received other injuries on its left side. The truck's radiator was broken, and its front bumper was bent.

St. Angelo testified that he did not see the truck until it hit his automobile. None of the other occupants of the car saw it until after the collision occurred, with the exception of one, whose evidence is to the effect that he saw it an instant before.

The acts of negligence, charged against defendant, as having been committed by its servant, Sullivan, the driver of the truck, and as having caused the accident, are as follows: That its servant failed to stop the truck to avoid the accident; that he attempted to cross a right of way street in the path of an approaching automobile, in violation of the ordinances of the city; that he did not have the truck under control; that he was driving at a rapid rate of speed; and that he did not sound the horn of the truck or give any other warning of his approach. It is also contended that defendant was at fault, because the truck was not equipped with proper brakes in good working order, and also because it was not provided with

proper lights, and, if it was, then because its lights were not burning in compliance with the ordinances of the city.

[1, 2] It is elementary that for plaintiff to recover he must show that defendant was at fault in causing the accident. Without proof of such fault there can be no recovery. We shall proceed, therefore, to consider whether plaintiff has discharged the burden resting upon him of showing that the accident was caused by defendant's fault.

In our view the evidence does not establish, as contended by plaintiff, that the truck was being run, at the time of the accident, at a rapid speed. None of the occupants of the car who survived saw the truck until the collision occurred, or at least until an instant before the occurrence. Hence they were not in position to say whether the truck was crossing the intersection at an excessive speed or not, nor did any of them so testify. Sullivan, the driver of the truck, who was in position to say at what speed it was running, died some time after the accident, but before the trial of this case, and hence his evidence is not before us. There were no other witnesses to the accident. The surrounding circumstances are not such as to establish that the truck was running at an excessive speed. The injuries received by St. Angelo's automobile could have been caused although the truck at the time of the collision was running at a moderate speed. The fact, which the record discloses, that the automobile was knocked across the street when the truck came in contact with it, and was turned in an opposite direction from that in which it was running, does not establish that the truck was running rapidly. The fact that the automobile was so knocked and turned is not surprising, when the speed at which it was traveling is considered.

[3] We are also of the opinion that the evidence fails to establish that the truck was not equipped with proper brakes, or that the brakes were not in good condition. The only evidence on that subject is that St. Angelo testified that immediately after the accident Sullivan told him that, if the truck had been equipped with good brakes, he could have stopped it in time to have avoided the accident. Sullivan was dead when St. Angelo testified. As the evidence given by St. Angelo on this point is evidence of an admission made by one who was dead at the time of the trial, it is the weakest kind of evidence, and is not sufficient of itself to establish that the brakes were not good or that they were not in good condition. Succession of Fox, 2 Rob. 299; Gates v. Walker, 8 La. Ann. 277. Moreover, the cross-examination of St. Angelo lessens considerably the weight of his evidence on the question as to whether the statement was made.

[4-6] Another act of negligence, as we have had occasion to observe, charged against defendant as having caused the accident, is that the truck was not properly equipped with lights, and if it was that its lights were not burning. The record discloses that the truck was being driven over the streets at night, equipped with oil lamps instead of electric lights. However, the fact that it was being thus driven, so equipped, does not show negligence, since oil lamps are sufficient to warn one of the approach of a truck and to enable the truck to proceed with safety on the streets. In so far as concerns the complaint that the lamps were not lit, the evidence shows, as we have had occasion to note, that immediately after the accident one of the lights on the truck was burning, though not the other. However, the fact that only one was burning then does not show that both were not burning prior to the collision. Only one of the occupants of the automobile saw the truck before the moment of the collision, and then only an instant before. There was, therefore, no opportunity for the occupants of the car to

observe, at least with any degree of accuracy, whether or not both lights on the truck were burning prior to the collision. Assuming, however, that the truck had only one of its headlights burning, still we think that in this instance the lamp was throwing sufficient light to have enabled St. Angelo to have seen the truck, and that the failure to have had the other light burning did not enter into the proximate cause of the accident.

[7] We are also of the opinion that the evidence does not establish that defendant's servant was at fault in not sounding the horn of the truck. It may be assumed, for the purposes of this case, that the horn should have been sounded, as an automobile was approaching the intersection; still the evidence by no means satisfactorily shows that it was not sounded. True, the passengers in the automobile heard none, but they were talking among themselves, and were not likely to have heard a horn had one been sounded. In so far as concerns St. Angelo's evidence on this question, the reckless speed at which, and the careless manner in which, he was driving satisfies us that a horn might well have been sounded without attracting his attention.

The remaining acts of negligence charged by plaintiff against defendant are, as stated above, that defendant's servant failed to stop the truck he was driving to avoid the accident; that he attempted to cross a right of way street in the path of an approaching automobile in violation of the traffic ordinance of the city; and, furthermore, that he did not have his automobile under control. These three alleged acts of negligence may be considered together.

[8] By city ordinance both Canal street and Carrolton avenue are right of way streets. The ordinance provides that a vehicle, approaching an intersection of right of way streets from the right shall have the right of passage in preference to a vehicle

approaching the intersection from the left. As the truck was approaching St. Angelo from the left he was entitled to the right of way, if it appeared that there was any occasion to give it; and it was the duty of Sullivan to determine whether there was any such occasion. However, in determining whether there was or not, that is to say, in determining whether or not he could cross with safety to himself and others, he had a right to assume, unless the contrary appeared at the time, that the automobile approaching was being operated at a speed permitted by the city ordinances. Maritzky v. Shreveport Rys. Co., 144 La. 692, 81 South. 253. This, we think, Sullivan did assume. However, as a matter of fact, the automobile was being run at twice the speed permitted by the city ordinance. Had it been operated at the highest speed permitted by that ordinance, which was 20 miles an hour, from the time that it became necessary for Sullivan to determine whether he could cross safely up to the time of the collision, we are satisfied from the evidence before us that the truck could have crossed with safety. After it developed that the automobile was not so running, but was being operated at a greatly excessive speed, it was then too late for the truck to avoid the accident. However, defendant cannot be charged with negligence because of the failure of its servant to anticipate such a violation of the ordinance and of the ordinary rules of safety. Its servant was not called upon to anticipate such a violation and to operate the truck as if the violation would occur.

For the foregoing reasons we are of the opinion that it does not appear that the accident was caused by defendant's fault or that of its servant, which was also the view of the trial judge, but that the proximate cause of the accident was St. Angelo's reckless and indifferent driving.

Defendant also urges that plaintiff can-.

not recover for Romera's death, because of the position that the deceased occupied on the automobile. However, the conclusion we have reached makes it unnecessary to pass on that phase of the case.

For the reasons assigned, the judgment appealed from is affirmed, appellant to pay the costs of appeal.