The Community Finance Service, Inc., alleges that it is the holder and owner of a certain note signed by Lee Faucette and his wife, Louise Crawford Faucette, and Eula Huffsutler, calling for the sum of $300, bearing interest at 3 1/2 per cent. per month from January 22, 1937, and secured by a chattel mortgage on certain household furniture, the whole subject to a credit of $15. It is alleged that the defendant, S. Wiseman, purchased the mortgaged furniture from Faucette and subsequently sold it at auction to divers persons, thus placing it beyond the reach of plaintiff and making it impossible for it to seize the property in satisfaction of its mortgage. Judgment is sought against Wiseman in the sum of $285 "because of the unlawful conversion of the said property * * * and because of his failure to disclose to petitioner the whereabouts of the said property".
Wiseman admitted that he purchased the furniture from Faucette, paying him $105 therefor on February 22, 1937, and that he sold same at public auction on February 25, 1937, three days later; and testified that prior to the sale, one J.J. Frigerio, a representative of the plaintiff, called at his place of business and stated that the furniture was subject to a mortgage in favor of the plaintiff company; that after discussing the matter it was agreed that the furniture should be sold and the proceeds, according to Wiseman's answer, and the profit, according to his testimony, divided equally between the loan company and Wiseman.
There was judgment below in favor of defendant dismissing plaintiff's suit as in case of non-suit and it has appealed.
The case has been argued and briefed as though presenting the interesting question of the liability of an innocent purchaser of personal property encumbered with a chattel mortgage, who resells it at public auction without inquiry concerning or knowledge acquired of the existence of the mortgage. There was also raised the question of whether the mortgage creditor was obliged to exhaust his remedy against the two co-makers of the note before *West Page 447 
proceeding against the purchaser. However tempting these fields of inquiry may be, no such issue is presented here, for the defendant admits that he was told of the existence of the mortgage on the property before he sold it, though he stoutly maintains that he had no knowledge prior to his purchase from Faucette and justifies his sale of the furniture upon the ground that it was done by agreement with Frigerio, a representative of the plaintiff company. Frigerio died during March, 1937, within a month after defendant purchased the property and long before the suit was instituted. There was, therefore, no one to contradict the statement of Wiseman concerning the agreement with Frigerio. It must be admitted that the testimony as to what was said by a dead man is the weakest sort of evidence, particularly when uncorroborated. Succession of Gabisso, 122 La. 824, 48 So. 277; Succession of Fisher, 141 La. 189, 74 So. 900; Beard v. Morris 
Company, 156 La. 798, 101 So. 147. In this instance, however, Wiseman is corroborated by his son, who is in business with him, and by the important fact that no representative of the plaintiff company took the stand to deny that the plaintiff had sent Frigerio to Wiseman to confer about the furniture or that Frigerio was without authority to represent it. In other words, there has been no attempt at impeachment of Wiseman's testimony. Under the circumstances, we are constrained to hold that Wiseman's statement was true and that the furniture was sold under an agreement with plaintiff. Whether the agreement contemplated a division of the proceeds or the profit to be realized from the sale must now be considered.
We have said that Wiseman, in his statement concerning the Frigerio incident, was corroborated by his son. He corroborates him to the extent of saying that Frigerio and his father reached an agreement for the sale of the property, but he does not say what the agreement was. He also testified that after the sale Frigerio made several visits to his father's place of business and that a disagreement evidently arose concerning the settlement with the loan company.
Wiseman, in his answer, says that, "one J.J. Frigerio, a representative of the plaintiff, called at respondent's place of business * * *. That said Frigerio suggested that respondent go forward with the sale, and that the proceeds be equally divided between plaintiff and respondent. That respondent acquiesced in this suggestion, * * *", and, in his testimony, that "I told him `I see where I have to lose, I'll give you half of the profits of the sale.'" It is unlikely that Wiseman would talk about a loss if the agreement had contemplated only a division of the profit to be realized from the sale. It is also improbable that the loan company, with a mortgage for $285 on property which it knew had been bought by Wiseman for $105, would be satisfied with a division of the profits after Wiseman had satisfied himself out of the proceeds. We have said that we accepted Wiseman's statement and, in the absence of any countervailing proof, conceded the authority of Frigerio to represent the defendant in the agreement concerning the sale of the furniture, but we reject his testimony about limiting the interest of the plaintiff to a division of the profits and accept the statement in his sworn answer to the effect that there was to be a division of the proceeds of the sale. To our minds, this accounts for the disagreement with Frigerio after the sale, concerning which we have no other explanation in the record, and is more in accord with the probabilities.
Our conclusion is that there was an agreement to pay the plaintiff one-half of the proceeds. The furniture brought $120.20. There will, therefore, be judgment in favor of the plaintiff for one-half of that amount or $60.10.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, Community Finance Service, Inc., and against the defendant, S. Wiseman, in the sum of Sixty Dollars and Ten cents ($60.10), with legal interest from judicial demand and all costs.
Judgment reversed. *West Page 448