This is an action for the recovery of damages to an automobile belonging to plaintiff corporation and driven by one of its employees, resulting from a collision with a truck and trailer unit owned by defendant and driven by an employee. After trial there was judgment in favor of defendant, rejecting plaintiff's demands, from which judgment plaintiff prosecutes this appeal.
At or about 9:30 p.m. on July 19, 1946, at a point on Highway 71, about five miles north of the City of Shreveport, a 1942 model Chevrolet Coach belonging to plaintiff and being driven by one W. C. Roberts, an employee, in a northerly direction along said highway, collided with a 1940 Diamond T Truck and Semi-Trailer of the defendant *Page 710 
corporation, which at the time was being driven in a southerly direction by one A.B. Austin, a truck driver in the employ of the defendant corporation. Plaintiff claims damages in the sum of $905 less the salvage value of the wrecked automobile in the amount of $125.
The charges of negligence urged by plaintiff are that defendant's truck was being driven partially on the wrong side of the highway, and that the dual wheels of the trailer extended some 12 inches, more or less, beyond the clearance lights of the vehicle.
Defendant answered, denying the charges of negligence and countered with some seven allegations of negligence on the part of the driver of plaintiff's vehicle, which may be briefly summarized as recklessness, excessive speed, lack of proper control, failure to keep a lookout, driving on the wrong side of the highway, swerving his vehicle into defendant's truck, operating an automobile with dim headlights and an obscured view, and, finally, failure of the driver to avail himself of the last clear chance to avoid the accident by turning to the right of the highway.
Despite the voluminous record and the exhaustive briefs of counsel for the respective parties, we must confess that serious study and consideration by this Court has failed to satisfactorily establish in our mind the cause of the accident.
The only witnesses were the drivers of the vehicles involved, neither of whom has given any reasonable explanation as to the cause of the accident. The speed of the vehicles was not excessive, each driver observed the approach of the other vehicle, and each one obviously considered himself to be entirely in the right. The highway at the point of the collision is 18 feet 2 1/2 inches in width. Plaintiff's car is of the standard passenger car width of some 72 inches, more or less, while defendant's truck was 96 inches in width. It therefore becomes apparent that there was an available clearance of some four feet, more or less, between the vehicles in passing.
[1] Taking up plaintiff's charges of negligence we do not find that any failure of proper clearance lights has been established, but, regardless of this point, our examination of the record is convincing to the effect that such failure, if the same existed, was neither a proximate nor a contributing cause of the accident. The driver of plaintiff's automobile testified that on approaching the truck he kept his eyes on his right shoulder of the road and endeavored to keep his course as near such shoulder as was commensurate with safety. This testimony clearly eliminates any failure of lighting on defendant's truck as a factor in the accident.
The driver of defendant's truck is equally positive in his testimony to the effect that on approaching plaintiff's automobile he was careful to follow his course on his extreme right side of the highway.
The point of impact was immediately in front of the left rear dual wheels of the truck, at which point the left front portion, wheel and fender, of plaintiff's car made contact.
[2] Photographs of the scene of the accident, which were made the following morning by plaintiff's employees, and the mass of expert and near expert testimony with reference to the showing of skid-marks, indentations in the highway, etc., have failed to provide any decisive or material guides for a resolution as to fault, blame or negligence. The testimony as to the skidmarks is inferential and without any certainty of identification or connection with the vehicles involved, and the hopeless conflict of testimony as to the cause of the indentations in the highway does not serve to provide a basis upon which a definite pronouncement against one party and in favor of the other could be sustained.
Any number of speculative explanations are advanced by plaintiff and defendant respectively, and other equally likely explanations might be added. But the only clear and indisputable fact which has been established in this case is that the cause of the accident has not been proved.
[3] It must be borne in mind that the obligation is on plaintiff to establish the negligence of the defendant by a preponderance of the evidence. Plaintiff has failed to discharge this burden. Any attempt to determine and to pronounce upon the negligence of either party under the *Page 711 
highly controversial and thoroughly unsatisfactory nature of proof as to the facts involved herein would be fruitless and futile.
[4] The learned Judge of the District Court, who heard the witnesses, pronounced judgment in favor of defendant, rejecting plaintiff's demands. This case involves purely and simply issues of fact, and inability to point to any manifest error in the judgment of necessity requires the affirmation thereof. Careful examination and consideration has failed to disclose any such error.
Accordingly, the judgment appealed from is affirmed at appellant's cost.
KENNON, J., absent.