GLADNEY, Judge.
Plaintiff appellant’ brings this suit for property damage against the insurer of a truck involved in a collision with his Cadillac automobile in the intersection of Sixth and DeSoto Streets in the City of Alexandria, Louisiana, near five o’clock in the afternoon of March 28, 1952. Appellant’s automobile was proceeding across the intersection along DeSoto Street traveling in a southerly direction when it was struck by the truck of Earl Ryland, who was driving in the intersection on Sixth Street in an ■easterly direction.
For cause of action appellant alleges that his automobile had entered the said intersection when the green light of the traffic signal was favorable to the driver of his car and that his car was within the intersection when the right rear portion thereof was hit by the truck. Negligence is charged to Ryland in that: (a) he entered the intersection against a red light; (b) he was not keeping a proper lookout; (c) he entered the intersection at a time when he saw or should have seen appellant’s automobile continuing to drive-into said intersection although it was inevitable a collision would occur; and (d) by driving the truck into the intersection after it had been preempted by appellant’s automobile.
The answer of the respondent insurer generally denies plaintiff’s complaint and specifically charges that the proximate cause of the accident was the negligence of the driver of the Cadillac automobile, consisting of the following: (1) driving at an excessive rate of speed; (2) driving into the intersection against a red traffic light on DeSoto Street; (3) failing to keep a proper lookout and in failing to see the truck approaching and entering the intersection; and (4) failing to avoid a collision when the automobile driver saw or should have seen the truck approaching the intersection and knew or should have known that by proceeding into said intersection a collision was inevitable. Alternatively, defendant plead the contributory negligence of the driver of .appellant’s car with respect to the acts of negligence designated as (1), (3) and (4) above set forth.
We are favored with a careful analysis of both the facts and law by our learned brother below and reproduce his findings of fact and law with which we are in substantial but not in complete agreement:
“Plaintiff and Mrs. Parrott, his sister, testified positively that the traffic light was favorable as the Cadillac entered the intersection. Mrs. Laird observed the light to be green just before the car reached the intersection.
“Equally as positive that the green light faced the truck as it drove into the intersection were Ryland and his passenger, a colored man named Henry Trotter.
“Lewis A. Segaro, called as plaintiff’s witness, testified that he was driving on DeSoto Street about 50 feet to the rear of -the Laird car, and that it had the green light. In another place he says he saw the accident but did not observe the car as it entered the intersection.
“Testifying as defendant’s witnesses were Mrs. Marguerite. Lawson and Julius Guillpt. Mrs. Lawson was standing near the southeast corner of *922 the intersection talking to Miss Geraldine Bowman, while Mr. Guillot was standing a few' feet away holding a ladder for his co-worker.
“Mrs. Lawson’s account of the incident is very vivid, however, it appears that some of her conclusions are based on supposition as she was standing with her hack to the vehicles and upon hearing the ’shrieking’ of brakes she turned around and closed her eyes as the truck and car were about to ‘plow into’ each other. She observed the light on DeSoto Street change from red to green after the crash.
“Mr. Guillot was looking toward the intersection and saw that, the truck had the green light, and that it turned red on Sixth Street after the collision. He first saw the Cadillac when it was about 25 feet back from the intersection. At about the same time he looked into Sixth Street and observed the truck about 15 feet from the intersection. He states that the vehicles entered the intersection at about the same time, the car passing in front of the truck which was steered to the right just before the collision. He estimates the car’s speed to have been approximately 20 miles per hour and that of the truck from 10 to 15 miles per hour.
“Miss Bowman’s statement is that she was looking toward the intersection and saw both vehicles enter it and that the car ran the red light on DeSoto Street.
“There is no dispute that the automobile was struck on 'its right side sustaining damage from the rear door back and that the point of impact on the truck was its left front. The evidence seems to fairly establish that the collision occurred within the southeast quadrant of the intersection as the car was pushed sideways against the curb on- DeSoto Street.
“From the testimony of Mr. Guillot, who made a rather favorable impression upon the Court, and, indeed, from the testimony of the drivers themselves, I have no difficulty in concluding that the car and truck were driven into the intersection at approximately'the same time. It also appears quite plain that both vehicles were being operated at a reasonable speed and that the Cadillac car was going faster than the truck which accounts for the former advancing into the intersection further than the latter before the collision.
“The evidence is in hopeless confusion on the point as to which of the vehicles had the right of way and after consideration of all of it I do not find justification for concluding that the witnesses on either side have deliberately testified falsely although the conclusion is inevitable that they can not all be correct and that some of them are mistaken.
“However, my appreciation of the case is such that a determination of which of the drivers had the favorable traffic signal is unnecessary. Additionally, their respective entries into-the intersection were so closely related in point of time as to eliminate any question of pre-emption.
“Each of the drivers before going into the intersection, observed the other about to enter it. Mrs. Parrott testified that she thought Ryland would stop, and when counsel asked her if he ever gave any indication to the contrary, she replied ‘No, he just came right on.’ Unquestionably, the truck was in plain view as both Mr. and Mrs. Laird saw it approaching.
“The following appears in Section 686 of Blashfield’s Cyclopedia of Automobile Law and Practice: ‘ * * * traffic signal lights do not relieve motorist of the general duty to operate his car with a careful and prudent regard for the safety of others, and he cannot ordinarily assume that an intersection is clear simply because of appearance of green traffic signal lights.’
“Judge Taliaferro said, in Thomas v. Leonard Truck Lines, La.App., 7 So.2d 753: ‘Because a person has ' the right of way on a road or street does not vest him with the privilege of go *923 ing forward regardless of traffic conditions. A motorist’s, duty to be careful never ceases.’
“These rules are recognized and discussed in Greenwood v. Romby, La.App., 51 So.2d 859, in which it is said.: ‘While this and other Courts of the State have announced in several opinions that a green traffic light at or over a street intersection does not warrant a motorist to heedlessly drive into it, regardless of traffic conditions thereabout, it has not been held, and we do not believe it will ever be held, that a motorist who approaches such an intersection is required. to exercise the same degree of care and vigilance with respect to traffic, as he is required to •exercise at an intersection not protected by a traffic light. The knowledge that intersectional traffic is regulated by a traffic light serves, to some extent, .as assurance that the other fellow will •observe same and not heedlessly undertake crossing the intersection unless the color of the light is such that he is •thereby invited to do so.’
“Assuming that Mrs. Parrott approached and entered the intersection ■on a favorable signal, and was thereby entitled to somewhat relax her driving vigilance, it does not follow that she was entitled to ignore the hazardous condition she observed — the simultaneous approach of a truck which showed no indication 'of stopping notwithstanding the existence of a signal in opposition to it. My appreciation- of her conduct, as I reconstruct the incident from all of the evidence, is that she proceeded into a known and obvious danger without attempting to exert an effort, which might have reasonably been effective, to avert the impending collision, which followed as a direct result of the concurrent fault and negligence of both drivers. See Burden v. Capitol Stores, La.App., 4 So.2d 62. This negligence of Mrs. Parrott is, under the circumstances, imputable to Mr. Laird, thus barring'recovery by him herein.”
Our inability to entirely agree with our respected brother of the bench is due: first, because we believe the court incorrectly inferred from the testimony of Mrs. Par-rott that she observed the truck before it entered the intersection and realized it was not going to.stop yet she continued on into the intersection without effectively bringing the automobile under control and thus avoid an impending collision; and, second, we are of the opinion the plea of contributory negligence has not been established.
The testimony of Mrs. Parrott was:
“A. Yes, I saw it coming. I thought he was going to stop on the signal.
“Q. Did he give any indication to the contrary, as you observed him ? A. No, he just came right on.”
When we take into consideration our findings of fact: that the truck was moving at the slow speed of from 10 to 15 miles per hour as it entered the intersection, that the speed of the Cadillac was but 20 miles per hour, and that both vehicles entered the intersection simultaneously, we believe Mrs; Parrott’s words were misinterpreted. What she really implied by her testimony was that the driver of the Ryland truck gave no indication contrary to the idea he was going to stop on the signal, but despite this he came on into the intersection.
Because of the different construction which we have placed on the testimony of the driver of plaintiff’s automobile and our findings of fact which otherwise coincide with those of our brother below, we have reached the conclusion the plea of contributory negligence is not supported by proof. The court’s opinion sustained the plea after assuming, arguendo, that plaintiff’s car approached and entered the intersection on a favorable signal, but that its driver observed the approach of the truck which showed no indication of stopping and had she attempted to avert the impending collision, such an attempt might reasonably have been effective. If we also were of the opinion Mrs. Parrott observed that the truck would not’ stop but would continue forward regardless of. the red light, our ruling would be the same as that of the lower court. However, in deference to our finding o‘f fact we must hold that the driver of plaintiff’s car was not guilty of con- *924 tributary negligence as she had the right to assume that the signals would be understood and observed, and she was 'not required to anticipate that the driver of the truck would, under the existing circumstances, enter the crossing on a wrong signal.
After carefully reviewing the record we are of the opinion negligence has not been proven as to either of the drivers of the vehicles involved. It follows, therefore, plaintiff has failed to establish his case by a preponderance of the evidence. This holding is dictated mainly because we find, as did the. judge a quo, that we are unable to determine from the conflicting testimony which of the drivers entered the intersection upon a favorable light. Nor do we find in the absence of proof Ryland ran a red light that plaintiff has shown by adequate evidence the driver of the truck was negligent in any other manner.
It is well settled that where the plaintiff, as owner, sues for damage to his automobile, involved in a collision, he has the burden of establishing the negligence of the defendant by a preponderance of the evidence. See: Burns v. Evans Cooperage Co., Inc., 1945, 208 La. 406, 23 So.2d 165; Kihneman v. Nejim, La.App., 1947, 29 So.2d 618; Dowell, Inc. v. Bayou State Oil Corporation, La.App., 1948, 33 So.2d 709; Buttitta v. Varino, La.App., 1940, 197 So. 331; 5 American Jurisprudence, Sec. 655, page 863.
For the foregoing reasons the judgment from which appealed is affirmed at appellant’s cost.