McINNIS, Judge.
The demand in this case results from a collision of a bus owned and operated by the City of Alexandria and a Buick automobile owned by Champ H. Huffman, being driven at the time by his son, Champ .H. Huffman, Jr., 16 years of age, and insured from damage resulting from collision, by plaintiff, it having paid $1,053.11 for repairs to the Buick automobile.
Negligence charged to Van Matthews, driver of the bus is alleged as follows:
“(a) In that the said driver, with no regard for the rights and safety of others did suddenly and without warning, and with no signal whatsoever, make a left-hand turn across the highway in flagrant violation of law, and particularly of the provisions of Section 32, Paragraph 236 of the [LSA-] Revised Statutes of the State of Louisiana for 1950.
“(b) In that defendant’s driver did fail to maintain and keep a reasonable and proper lookout in accordance with law.
“(c) In that defendant’s driver did fail to stop after he saw or should have seen the Buick automobile in question which was proceeding in a reasonable and proper manner and had the right of way by law.”
The answer is a general denial of the substantial allegations of the petition, and it is affirmatively alleged that there was no negligence on the part of the bus driver, and that the bus was being operated in a proper and careful manner.
Alternatively it is alleged that even if there was negligence on the part of the bus driver, that the driver of the Buick was guilty of contributory negligence; that at the point of the collision the bus had slowed down to make a turn into the road leading to the railroad yards, and was proceeding to make the turn, when the Buick, while traveling at a high rate of speed, struck the bus; that if the driver of the Buick had used due care and caution, and had been on the lookout and operating the car at a reasonable rate of speed he could have avoided the collision, and that the car driver’s con- *23 tributary negligence is a bar to any recovery by plaintiff.
After trial on the merits there was judg-. ment in the lower court rejecting the demands of the plaintiff, from which judgment a devolutive appeal is prosecuted.
When the case was called for trial a stipulation was filed in evidence in which it is admitted that Champ H. Huffman, Sr., is the owner of the Buick car; that while being driven by Champ H. Huffman, Jr., the car was involved in an accident with a bus belonging to the City of Alexandria on •or about February 17, 1951; that plaintiff covered the car with an insurance policy against collision with $50 deductible, and that the policy contained a standard clause subrogating the insurer to all the insured’s rights of recovery in the event of payment under the coverage; that the repair bill amounting to $1,103.11 is correct and reasonable, and that of this amount $1,053.11 was paid to Huffman by plaintiff in full settlement of his claim.
The evidence as to the manner in which the collision happened is not in serious conflict. The scene is just outside the limits ■of the City of Alexandria. The paved highway, U. S. 71, referred to as an extension of Lee Street, runs north and south, ■and is level and straight for about half a mile. The concrete part of the highway is 18 feet wide with shoulders five feet wide ■on each side. At the scene of the accident the highway is intersected, but not crossed, by a graveled road called the “round house road”, leading east to the railroad yards and roundhouse.
At about 7:00 o’clock P.M. February 17, 1951 the bus driver, traveling south reached this intersection, and, intending to make a left turn into the graveled road, stopped the bus to allow a car from the south to pass before undertaking the left turn, but this car, a model “A” Ford, pulled to its right and stopped, partly on the shoulder of the road and partly on the pavement, about BO feet south of the intersection. The bus ■driver, seeing the car stop, started his left turn, at which time the driver of the Buick ■car traveling, he says, 50 miles an hour, ■came around the Ford car on its left side and saw the bus making the left turn across the east side of the paved highway. The driver of the Buick car applied his brakes and skidded about 60 feet but was unable to stop, and struck the bus about the right front door, doing damage to it and demolishing the Buick. Both the bus and the Buick were so badly damaged they could not move under their own power.
The bus driver says he did not see the Buick approaching. The Buick had only one light, the one on the right side, and the bus driver explains his failure to see it by saying that the Ford car obscured his vision of the right side of the Buick, and also that when he saw the Ford car stop, he was looking more toward the direction in which he was turning, that is to his left.
There can be no doubt that only the light on the right hand side of the Buick was burning. The driver says so and that his father had cautioned him about driving with only one light. Riding in the Buick with the driver were his brother and Ger-rald Haggan and Vance Wilson. The record discloses that Vance Wilson was, at the time of the trial in New Mexico, but neither of the other two was called to testify, and no showing was made that they were not available as witnesses. The presumption is that they were available and that if they had been called as witnesses their testimony would have been unfavorable to the contentions of the plaintiff.
We are well aware of the well settled rule of law to the effect that the operator of a motor vehicle is charged with the responsibility of ascertaining that a left turn can be safely made before undertaking to do so. The statute so provides, LSA-R.S. of 1950, 32:235, 32:236.
This rule is subject to exceptions. For instance in one of the cases cited by plaintiff, Bergeron v. Department of Highways, 221 La. 595, 60 So.2d 4, where a bicyclist ran into the front fender of a truck that was making a left turn, the Supreme Court, reviewing a judgment of the Court of Appeal, First Circuit, 50 So.2d 337, said:
“Where truck driver was not negligent in any manner when he stopped or slowed down and surveyed situation before making left turn, it was his *24 duty to concentrate his attention on making the turn and to keep a sharp lookout ahead to discover presence of those who might be in danger, and he was not duty bound to notice bicyclist approaching from his right.” [221 La. 595, 60 So.2d 5].
The following cases cited by plaintiff found negligence by the drivers undertaking left hand turns: Toney v. Burris, La.App., 45 So.2d 438; Parker v. Home Indemnity Company, La.App., 41 So.2d 783; Michelli v. Rheem Manufacturing Co., La. App., 34 So.2d 264; Interurban Transportation Co. v. F. Strauss & Sons, La.App., 196 So. 367; Chapman v. Traveler’s Indemnity Company, La.App., 45 So.2d 557; Codifer v. Occhipinti, La.App., 57 So.2d 697; Day v. Roberts, La.App., 55 So.2d 316; Gaines v. Standard Accident Insurance Co., La.App., 32 So.2d 633.
Many other cases could have been cited reiterating the above rule with regard to drivers of motor vehicles undertaking left turns.
Jackson v. Cook, 189 La. 860, 181 So. 195 has no application to the facts of the case under consideration. There, a pedestrian on the side of the road was involved, and it was held that the driver should have seen him in his situation of peril in time to avoid striking him. What the case holds, in effect, is that the operator of a motor vehicle is charged with responsibility of seeing what he should have seen, and his failure to see constitutes negligence.
The facts in the case of Beard v. Morris & Co., 156 La. 798, 101 So. 147 are in no way similar to the facts in the present case, though there was involved the question of whether the truck had only one light burning, and it was held that the taxi driver should have seen the truck anyway.
Scheib v. Ledet, La.App., 57 So.2d 814 is another case cited. There plaintiffs car was parked at the curb in front of 5317 St. Charles Avenue. Ledet was driving his car toward uptown on St. Charles Avenue, fairly close to the neutral ground curb at about 75 miles an hour. Hill’s truck was traveling on Valmont Street across the neutral ground in the direction of the lake. Hill intended to turn left into the traffic lane on St. Charles Avenue in which Ledet was traveling, and just as he started the left turn, or was in the process of making it, the front part of the left side of Ledet’s car -contacted the right front wheel of Hill’s truck, and Ledet’s car was thrown into the parked car of plaintiff. Neither driver saw the other until the contact took place. There was no' obstruction to keep them from seeing each other, and the court held both drivers negligent.
The duty of the driver of a motor vehicle to be on the alert and keep a proper lookout never ceases. This duty is just as binding on one driver as on another.
The bus driver, Matthews, apparently undertook to survey the situation before commencing the left turn. He may be held to the duty of seeing the Buick but, by the same token, young Huffman should have seen the bus, and if he had not been, as he says, driving too fast he could have avoided the collision.
We find after consideration of the evidence in this case and the authorities cited and discussed above, that the accident and resulting damage was the result of the combined, concurrent negligence of the-drivers of the two vehicles, and accordingly there can be no recovery by plaintiff, who in our opinion has failed to establish by a preponderance of the evidence that the proximate cause of the accident was the negligence of the bus driver.
It therefore follows that the judgment appealed from is affirmed at the cost of plaintiff-appellant in both courts.