## HARRY H. PRIMOCK v. J. E. GOLDENBERG.[1]

December 5, 1924.

No. 24,296.

**When chauffeur approaching street intersection at right of plaintiff does not have absolute right of way.**

Defendant in a street intersection automobile collision case was approaching from plaintiff's right. Plaintiff *held* not guilty of contributory negligence as a matter of law simply because he admitted that when he entered the intersection he observed defendant approaching 125 feet away at 35 miles an hour, such a speed that if "both proceeded into the intersection, there would be a collision." The statutory right of way rule does not absolve a chauffeur approaching too rapidly from the right from the duty of slowing down and otherwise using due care for the protection of others at and on the intersection. The finding that plaintiff was not negligent as a matter

[1]Reported in 200 N. W. 920.

of law is justified because he had a right to assume, he being first on the intersection, that defendant would reduce his speed so as to permit plaintiff to clear the crossing in safety.

Action in the municipal court of Minneapolis to recover $600 for damages to an automobile. The case was tried before Charles L. Smith, J., who ordered judgment against defendant for $500. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Joseph H. Kaminer, Cobb, Wheelwright, Hoke & Benson* and *R. A. Scallen*, for appellant.

*Sam J. Levy*, for respondent.

STONE, J.

This appeal puts before us another more or less typical street intersection automobile collision case. The trial was without a jury. The findings were for plaintiff, a motion for a new trial was denied and defendant appeals.

The collision occurred at the intersection of Western avenue and Ninth street north, Minneapolis, the parties not being able to agree as to the precise point of collision, nor as to several other important circumstances. In view of its approval below, we must take plaintiff's testimony as the basis for our consideration of the one claim urged as ground for reversal that plaintiff was guilty of contributory negligence as a matter of law. Plaintiff was driving west on Western avenue, reasonably close to the north curb. The northeasterly corner at this intersection is "blind", i. e., it is occupied clear to the building line by two and three story buildings, so that there is no vision north on Ninth street from Western avenue until one is on or almost on Ninth street.

Plaintiff's version is that he approached Ninth street at not to exceed 15 miles an hour; that he could not see and did not see defendant approaching from the north and on his right, until he, plaintiff, was at the easterly curb line of Ninth street; and that then he observed defendant coming at a point about 125 feet away and on the west side of Ninth street. He says defendant's speed

was "very fast" and estimated it at 35 miles an hour. Both streets at this point are occupied by double street car tracks. Plaintiff held his course until he was on the westerly track on Ninth street, and then, perceiving that a collision was imminent, swerved to the left in an effort to avoid it, or at least minimize the impact. The cars came together, defendant's machine going into plaintiff's head on and hitting it approximately in the middle of the right side. As indicated, the parties do not agree as to just where the collision occurred, and it doesn't make much difference which one is right. In any event it is clear that plaintiff's machine was not struck until it was well past the middle of Ninth street, and probably not until in his tack to the west he had gotten west of the west curb line of Ninth street and south of the center line of Western avenue.

The argument that contributory negligence appears as a matter of law is based upon the following excerpt from plaintiff's testimony, who at the moment referred to was at the point where he first observed defendant's approach.

"Q.  He (defendant) was traveling at a rate that if you both proceeded into the intersection, there would be a collision?

A.  Yes, sir.

The Court:  Did he slacken up any?

A.  No, sir, he kept going.

Q.  You then proceeded to cross the intersection, didn't you * * *

A.  Yes."

Defendant's counsel seizes upon this testimony as condemning plaintiff of a violation of the rule of Gibbs v. Almstrom, 145 Minn. 35, 176 N. W. 173, 11 A. L. R. 227, to the effect that where one party has the right of way statute in his favor, it is the duty of the other to yield if there is "reasonable danger of collision" if both proceed, the latter not "being warranted in taking close chances."

It is of course true that ordinarily the unqualified testimonial admission of a fact by a party to an action is binding upon him. It is never admissible, however, to wrench such an admission from its context, disregard all implications of the latter and so come to a forced and artificial conclusion. In our opinion, defendant's argument attempts just that.

In his quoted admission, plaintiff seems to have been frank. He admits the obvious truth, demonstrated by the immediate result, that both could not maintain their speeds and proceed without collision. He did not admit, nor can he be construed as having admitted, that he should have perceived at the instant that collision was imminent.

In such a situation neither party, it makes no difference which has the advantage of the statutory right of way rule, is "warranted in taking close chances." To do so under any situation may and ordinarily does constitute negligence. Too much insistence on the right of way, even when one is clearly entitled to it, may be the grossest kind of negligence. Drivers approaching from the right are not absolved by the statute from due care, although so many of them seem to think that they are immune for the time being not only from the rules of road law but also those of road etiquette. They are still under the duty of exercising due care and proceeding with ordinary circumspection in order to avoid injury. Particularly are they obliged, if traveling at a high rate of speed, so to reduce it as to protect others, no matter where they are on the intersection. Under the statute (section 2632, G. S. 1913, as amended by chapter 391, p. 419, Laws 1919, it was defendant's duty to "slow down." He did not do so. Plaintiff had a right to assume that he would. Applying these considerations, it is not difficult to see, or at least it is not difficult to perceive how the trial judge might well have considered, that plaintiff had a perfect right, being the first on the intersection, to assume that defendant would perform the duty imposed both by law and courtesy, so to reduce his speed as to allow plaintiff, who was there first, to clear the crossing in safety.

Order affirmed.