Plaintiff M.N. Pederson brought this action to recover the amount paid by him for hospital and medical expenses incurred on behalf of his minor son LeVerne who was seriously injured in a collision with an automobile driven by the daughter of the defendant. The defendant, contesting the claim of the plaintiff, denied that there was any negligence on the part of his daughter, and further pleaded contributory negligence on the part of the injured boy. The case was tried to a jury. The issues of negligence and contributory negligence were submitted to the jury by the trial court. Plaintiff *Page 430 
had a verdict and defendant moved for judgment notwithstanding the verdict. The motion was granted on the ground that plaintiff's son was guilty of contributory negligence. Judgment was accordingly entered for the defendant. This appeal is from such judgment and from the order granting the defendant's motion.
The only question for determination here is as to the propriety of the court's order granting the defendant's motion for judgment notwithstanding the verdict. The answer depends upon whether it is possible to say as a matter of law that the boy was guilty of contributory negligence. See Sheffield v. Stone, O.W. Co. 49 N.D. 142, 190 N.W. 315.
Generally, the question of negligence is for the jury unless on the whole record reasonable men in the exercise of reason and judgment can draw but one inference therefrom. Miller v. Minneapolis, St. P. S. Ste. M.R. Co. 50 N.D. 206, 195 N.W. 33. So in testing the correctness of the trial court's ruling on the motion in the instant case we must adopt that view of the testimony most favorable to the plaintiff. Read in this light we think that the record will sustain the following construction:
The accident, out of which this suit arose, occurred on the intersection of two streets in the city of Minot. These streets are Eighth street, running north and south, and First avenue, running east and west. The streets are paved. First avenue is thirty feet wide from curb to curb and Eighth street twenty-six feet. On September 13, 1924, a bright clear day, the plaintiff's minor son was riding on a motor cycle northward on Eighth street. He rode on the right side of the street about eight or ten feet from the curb. He was going at the rate of six or seven or eight miles per hour. As he approached the intersection with First avenue, and when he was about fifty feet from the line of intersection, he looked to the right. His view was somewhat obstructed by a residence but he was able to see three-quarters of the way east along First avenue — about 215 feet from the line of intersection with Eighth street. There was then no car on First avenue, so far as he could see. He continued on his way. Again as he crossed the line of intersection with First avenue he looked to the right and again he saw no car, so he proceeded across the intersection at the same rate of speed as before. He did not look to the right again until just *Page 431 
before the accident. There is a manhole covered with an iron lid in the streets at the center of the intersection. It is important only as it aids in fixing the spot where the accident occurred. When the boy had gone about fifteen feet into the intersection he saw an automobile driven by the defendant's daughter approaching from the right. This car was approaching along the center line of the street at a speed of from twenty-five to thirty-five miles per hour. Immediately after he saw it it struck him. He was then a little northeast of the manhole. It threw him and the motor cycle to the northwest and passed by on the south of him. The car continued on for some seventy or eighty feet until it ran off the street over the eight inch curb, broke down an iron lamp post eight inches in diameter, and ran up on the lawn of a residence where it was finally stopped. The defendant's daughter driving the car did not see the boy until just before the car struck him. She was looking to the right to observe whether any cars were approaching from the north on Eighth street. The ordinance of the city of Minot regulating the use of streets in effect at the time of the accident provided: "On approaching intersections of streets and avenues, the vehicle on the right shall have the right of way."
It is the defendant's contention that the car driven by his daughter was approaching the crossing on the right of the plaintiff's son and therefore had the right of way; that the boy was under the necessity, in the exercise of due care, to at all times look to the right in order to avoid vehicles coming from that direction; that since he did not look to the right or pay attention to any vehicle coming from that direction after he had passed the line of intersection of the streets, he was negligent and such negligence was a contributing cause of the accident which resulted in his injury. The trial court adopted this view of the matter.
The statute, § 2976 l, Comp. Laws 1913 provides, with reference to the use of motor vehicles and the speed at which they may be driven, as follows:
"Speed and other road regulations. No person shall operate a motor vehicle on the public highways of this state at a rate of speed greater than is reasonable and proper, having regard to the width, condition and use of the highway at the time and the general and usual rules of the road, or so as to endanger property or the life or limbs of *Page 432 
any person. Provided, that upon approaching a dam, bridge, sharp curve or descent, and also in traversing such dam, bridge, sharp curve or descent and upon approaching a crossing or intersecting highway or in passing from a side street into a main thoroughfare where persons or vehicles are not plainly discernible, a person operating a motor vehicle shall have such vehicle under perfect control and the rate of speed shall not exceed one mile in eight minutes; provided, that within the limits of any incorporated city or village the rate of speed shall not exceed ten miles per hour, and provided, further, that on any street or highway outside of the limits of any incorporated city or village the rate of speed shall not exceed thirty miles per hour."
Thus the lawful rate of speed on the street before coming to the intersection was ten miles per hour. Across the intersection the lawful rate of speed was one mile in eight minutes or seven and one-half miles per hour. The boy, riding up Eighth street, was required as he approached the intersection and passed over the crossing to use and exercise reasonable care; that is, he was under the necessity of exercising such degree of care and caution with respect to his passage as reasonable men would use under the same or similar circumstances, and a failure to do so would constitute negligence. The ordinance of the city of Minot referred to gives a car approaching a street intersection on the right the right of way. Though such car has the right of way its driver may not in the exercise of that privilege wholly disregard other wayfarers. He must exercise reasonable care with respect to all. Of course, he must take notice of cars on his right that precede him to the intersection or approach it simultaneously with him and yield to them. He is also under the necessity of observing whether there are others approaching from his left. He does not have the right of way as against all cars to the left. If a car approaching on the left at a lawful rate of speed will pass over the intersection first, then he has no right of way over such car on the left. In other words, while the ordinance gives the car on the right the right of way, it is not an absolute right of way, but is conditioned on a lawful and reasonable use of the streets and a proper regard for those who may approach on the left. The rule is imposed having regard to the convenience as well as the safety of all who use the streets. It is to be presumed that everyone will observe the law. So the driver of any car approaching *Page 433 
a street intersection may assume that every other car will observe the speed limit and other regulations imposed by the law and he is warranted in acting on this assumption. As against any car on his right which driven at a lawful speed will not enter the intersection until after he has done so, he has the right of way. Thus it was in this case when plaintiff's son approached the intersection. If he looked and saw no car, which, having regard to the lawful rate of speed he would not precede into the intersection, he had the right of way. If he had the right of way all other cars were bound to yield to him, and use due care for his safety. If defendant's car was not in such a position as to be entitled to right of way (and the jury may well have found that it was not), it matters not that the boy did not see it. This being so it cannot be said as a matter of law that his failure to again look to the right after passing the line of intersection was negligence. See O'Connor v. Sinykin, 162 Minn. 382, 202 N.W. 891; Primock v. Goldenberg, 161 Minn. 160, 37 A.L.R. 484, 200 N.W. 920; Burdette v. Henson, 37 A.L.R. 489, and note (96 W. Va. 31, 122 S.E. 356); Pline v. Parsons, 231 Mich. 466, 204 N.W. 131; Arvo v. Delta Hardware Co. 231 Mich. 488,204 N.W. 134; Werner v. Yellow Cab Co. 177 Wis. 592, 188 N.W. 77; Beard v. Morris Co. 156 La. 798, 101 So. 147; Weber v. Greenebaum, 270 Pa. 382, 113 A. 413; Commonwealth Ins. Co. v. Riverside-Portland Cement Co. 69 Cal.App. Rep. 165,230 P. 995; Grant v. Marshall, ___ Del. ___, 121 A. 664. The trial court erred in granting the motion for judgment notwithstanding the verdict.
The judgment and order appealed from must be reversed.
CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur. *Page 434