T. N. GOFF, *Plaintiff in Error,* v. ELI WITT CIGAR COMPANY, *Defendant in Error.*

Division A.

Opinion filed April 13, 1929.

*Watson & Saussy* for Plaintiff in Error;

*Shackelford, Shackleford & Ivey,* for Defendant in Error.

ELLIS, J.—T. N. Goff sued Eli Witt Cigar Company for damages for personal injuries because he said that a servant of the defendant while operating an automobile truck in the City of Tampa ran over the plaintiff and injured his leg, thighs and chest. He claimed $5,000.00 damages.

The facts appear to be that the defendant's truck was parked on Franklin Street between Madison and Twiggs Streets. The plaintiff, driving an automobile, stopped alongside the truck. He discovered that he had lost a screw from the motormeter and descending from the vehicle got down upon the street his right arm extended under the automobile and left leg protruding outward from the side of his machine. His position was not prone upon the ground but kneeling, left leg extended outward, right arm under the automobile and left hand upon the running board supporting his body. The defendant's servant, backing the truck to depart from the place where it parked, struck against the plaintiff's leg.

The first count alleged that the plaintiff was a pedestrian upon the street where he had a right to be and the defendant's servant operated the truck in a negligent manner and ran upon and against the plaintiff. The second count alleges that the defendant's servant managed and drove the truck in a negligent manner by backing it at an excessive and dangerous rate of speed without looking to the rear or sounding any precautionary warning and with such speed that the plaintiff, who was a "pedestrian" upon the

street was unable to avoid the truck or remove himself from its path.

The defendant pleaded not guilty; second, that the plaintiff contributed by his own negligence to the injury by being underneath his own automobile and negligently sticking his leg out from underneath the vehicle; third, this plea was in substance the same as the second, except the third plea averred that the plaintiff was at work upon his automobile and the second that he was "engaged under" it and carelessly left his leg protruding into the street; fourth, this plea set up a city ordinance forbidding the repairing of "cars" upon the public street and averred that the plaintiff was underneath his automobile in breach of the "city ordinance" "engaged in performing some kind of labor on said car" and so was not in a place where he had a right to be.

A motion to strike the third plea was granted upon the ground that the defense was available under the general issue. Demurrer to the fourth plea was sustained and the defendant amended it. A demurrer to that plea was sustained and the defendant amended again. This time the pleas averments were very full. They were in substance that the plaintiff had parked his automobile alongside the truck at an angle of about forty-five degrees to the curb; that the plaintiff was underneath his automobile "engaged in repairing his said car"; the fact was unknown to defendant's agent; the plaintiff carelessly protruded his leg into the street and such position contributed to his own injury. The city ordinance was set out in full and the plea averred that the plaintiff by reason of these circumstances was not in a place where he had a lawful right to be and by his position contributed to his own injury.

The record does not show that any disposition was made

of this fourth plea; no issue joined upon it, no recital that the parties went to trial, on the issues, but the bill of exceptions shows that the court in charging the jury referred to the defense set up by that plea.

There was a verdict for the defendant and judgment entered upon it. The plaintiff seeks a reversal upon writ of error.

Our examination of the evidence leads us to the conclusion that the case made by the plaintiff's declaration is not supported by the facts. In the first place the plaintiff at the time of the alleged injury was not a pedestrian upon the street. He was in a semi-reclining position which he had assumed to recover a nut or screw which had dropped from his automobile and rolled under it. He was seeking to recover that nut or screw in order to replace it on his automobile. His position was one of danger to himself from the truck, the engine of which he thought was running, as he himself testified as also one of his witnesses. There is no evidence that the driver of the truck knew of the plaintiff's position or that he recklessly and negligently backed the truck at an "excessive and dangerous rate of speed." The plaintiff was in the act of "repairing" his automobile on the street, which the ordinance forbade. Therefore he was not at the moment of the accident where he had a right to be, however clearly within his rights he may have been when he arrived with his automobile. There was no evidence of defendant's carelessness through its servant in backing the truck and none to show that he was aware of the plaintiff's presence in a dangerous and unlawful position on the street in line with the defendant's way out.

The defendant's servant had perfect control of his truck because although he struck the plaintiff in backing out of his position he checked his machine immediately on hearing

the alarm and went back into his original position without running over or upon the body of the plaintiff. The injury appears to have been negligible according to the testimony of the physicians although the plaintiff testified at much length concerning his suffering and resultant incapacity. That, however, was a matter affecting the damages if any had been recovered.

It is a familiar principle of law that the plaintiff must recover upon the case made by his declaration and not on some other case made by the evidence. See Parrish v. Pensacola R. Co., 28 Fla. 251, 9 So. R. 696; Ingram-Dekle Lumber Co. v. Geiger, 71 Fla. 390, 71 So. R. 552, Ann Cas. 1918 A 971 n.

There was a great deal of unnecessary evidence taken and much discussion of issues and lengthy charges, all of which went to the jury upon a declaration not sustained by the plaintiff's evidence nor aided materially by that of the defendant.

The errors alleged to have been committed by the court in the charges given and refused and others assigned are unnecessary to be discussed. The judgment is affirmed.

Terrell, C. J., and Brown, J., concur.

Whitfield, P. J., and Buford, J., concur in the opinion and judgment.