PAQUETTE *v.* CONSUMERS POWER CO.

1. AUTOMOBILES—FROST ON WINDSHIELD—NEGLIGENCE AS A MATTER OF LAW.

Driving an automobile with windshield so covered with frost that the driver cannot see where he is on the highway is negligence as a matter of law (1 Comp. Laws 1929, § 4734[a]).

2. SAME—STOPPING ON PAVEMENT—CONTRIBUTORY NEGLIGENCE AS A MATTER OF LAW.

Where it was practicable for plaintiff motorist to stop off the paved part of the highway but he stopped on the pavement in violation of the statute because his frost-covered windshield rendered him unable to determine whether or not he was on or off the 20-foot pavement, plaintiff was properly found guilty of contributory negligence as a matter of law, in his action against motorist whose car approached from the rear and came into contact with, and injured, plaintiff (1 Comp. Laws 1929, § 4718, as amended by Act No. 318, Pub. Acts 1939; § 4734[a]).

3. SAME—STOPPING ON PAVEMENT—PEDESTRIANS—PROXIMATE CAUSE.

Where plaintiff motorist was standing alongside his car which he had parked on the pavement in violation of statute while he was cleaning frost off the windshield, the fact that he so parked the car on, rather than off, the pavement, was a contributing factor to the accident resulting from his being struck by defendants' car which approached from the rear (1 Comp. Laws 1929, § 4718, as amended by Act No. 318, Pub. Acts 1939; § 4734[a]).

4. SAME—FROST ON WINDSHIELD—STANDING ON PAVEMENT—CONTRIBUTORY NEGLIGENCE.

Where frost on windshield caused plaintiff motorist to stop on the pavement in violation of statute and, while standing on pavement and engaged in removing the frost, he observed defendants' car approaching some 200 feet to the rear on other side of pavement, plaintiff was not warranted, under the cir-

Contributory negligence of plaintiff as a matter of law sufficient to bar recovery, see 2 Restatement, Torts, §§ 432, 463, comment b, 464, comment a, 466, comment g; standard of conduct defined, §§ 283–285.

cumstances, in assuming that defendant operator would not drive his car "blind" or in considering himself a pedestrian not obliged to observe approaching traffic (1 Comp. Laws 1929, § 4718, as amended by Act No. 318, Pub. Acts 1939; § 4734[a]).

5. SAME—PEDESTRIAN'S ASSUMPTIONS AS TO USE OF DUE CARE BY MOTORIST.

Pedestrians in a public highway have a right to assume that the driver of an automobile will use ordinary care for their protection,. but they may not rest content on that assumption and take no care for their own safety.

6. SAME—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

Motorist who stopped his car on a 20-foot pavement where it was practicable for him to park on shoulder while he removed frost from windshield and who, after observing car approaching some 200 feet away on other side of pavement, paid no further attention thereto until latter was but 20 feet distant, did not use reasonable care as a matter of law even if plaintiff be viewed as a pedestrian (1 Comp. Laws 1929, § 4718, as amended by Act No. 318, Pub. Acts 1939; § 4734[a]).

7. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

One who voluntarily places himself in, or remains in, a position which he knows, or with reasonable care should know, is dangerous, cannot recover for the ensuing injury.

BUSHNELL and SHARPE, JJ., dissenting.

Appeal from Eaton; McDonald (Archie D.), J. Submitted October 8, 1946. (Docket No. 19, Calendar No. 43,392.) Decided January 6, 1947.

Case by Frank Paquette against Consumers Power Company and another for personal injuries sustained when he was struck by defendants' truck. Verdict for plaintiff.. Judgment for defendants *non obstante veredicto*. Plaintiff appeals. Affirmed.

*McArthur & Rushton,* for plaintiff.

*Bisbee, McKone, Badgley & McInally,* for defendants.

SHARPE, J. (*dissenting*). On the morning of February 12, 1945, plaintiff, Frank Paquette, a farmer 66 years of age was driving his automobile from his home on M-50 towards Eaton Rapids. He had lived on this highway for 27 years. M-50 is a paved highway, 20 feet in width, with a smooth shoulder 8 to 10 feet wide on each side, beyond which is a ditch.

Plaintiff left his home at about 9 a.m., with the intention of driving to Eaton Rapids. There had been a light fall of snow the night before. It was a foggy morning and plaintiff's windshield became frosted. He stopped his car on the paved portion of the highway for the purpose of cleaning his windshield. The left side of his car was from 2 to 4 feet from the center of the pavement. At this time Don Smrchek was driving a car, owned by the Consumers Power Company, in the same direction at a speed of 25 to 30 miles per hour. The windshield of his car was obscured by frost and defendant Smrchek was driving by looking out of the window at his left. On or about this time, plaintiff alighted from his car and was in the act of cleaning his windshield when the car driven by Smrchek collided with plaintiff's car and severely injured plaintiff.

Plaintiff brought an action to recover damages for personal injury to himself, doctor bills incurred and cost of repairing his car. The cause came on for trial. At the close of plaintiff's proofs, defendants made a motion for a directed verdict. The trial court denied the motion, reserving his rights under the Empson act.* Defendants offered no

---

* 3 Comp. Laws 1929, § 14531 *et seq.*, as amended by Act No. 44, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 14531, Stat. Ann. and Stat. Ann. 1946 Cum. Supp. § 27.1461 *et seq.*).—REPORTER.

proofs and the jury returned a verdict for plaintiff in the amount of $6,500. Upon motion by defendants, the trial court directed a verdict *non obstante veredicto* in favor of defendants upon the theory that plaintiff was guilty of contributory negligence as a matter of law, saying:

"Reference to the facts as outlined above show that the plaintiff, on a road which he knew well, and on a morning when the weather conditions were bad, stopped his car on the pavement, when it was practicable for him to have driven off the highway. Had he taken the precautions of an ordinarily prudent man, he would have looked and observed that he was on the highway, and could have driven off onto the smooth shoulder some 8 or 10 feet in width, to the right. In effect, he stopped on the highway when visibility was bad, the road in bad condition, without determining where he was, and was hit by a car approaching from the rear."

Plaintiff appeals. Where judgment is rendered *non obstante veredicto,* the testimony most favorable to the party against whom the judgment is rendered must be accepted. Tested in the light of the above rule we find that the pavement over which plaintiff was traveling was 20 feet in width; that snow had fallen during the night making it difficult to determine where the edge of the pavement was; that excepting for a frosted windshield it was not unsafe to drive a car; that traffic was light on the highway; that visibility was such that one could see a car 200 feet away; that at the time plaintiff stopped his car he thought he was off the pavement; that seeing defendant's car 200 feet away on the opposite side of the pavement, he assumed said car would continue in a straight course; that when plaintiff got out of his car and while in the act of cleaning his windshield he again saw defendant 20

feet away, bearing down upon him on plaintiff's side of the highway; and that realizing the danger he was in and knowing that he could not again re-enter his car, he threw himself upon the hood of his car in order to avoid getting hit.

Prior to the enactment of Act No. 318, Pub. Acts 1939, amending Act No. 318, § 26, Pub. Acts 1927, the statute relating to parking a vehicle on the highway read as follows:

"It shall be unlawful to park a vehicle on the beaten track or paved surface of any highway outside the limits of any village or city." 1 Comp. Laws 1929, § 4718 (Stat. Ann. § 9.1586).

Section 26 of the amended act reads as follows:

"Outside of the limits of any city or village, it shall be unlawful to stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or leave such vehicle off such part of said highway." (Comp. Laws Supp. 1940, § 4718 [Stat. Ann. 1946 Cum. Supp. §.9.1586]).

Under the old act, a temporary stop for necessary purposes did not constitute a violation of the act. In *Sahms* v. *Marcus,* 239 Mich. 682, plaintiff stopped his car to recover his wife's hat which had blown off. We there said:

"There is a difference between stopping and parking. The general purpose of the statute appears to be aimed at dead vehicles, *i.e.,* vehicles that are unable to move under their own power and are left standing on the pavement. It is also aimed at live vehicles that are able to move under their own power but are left standing on the pavement without watchman or caretaker, and also to vehicles that are able to move but are standing on the pavement to

serve some purpose of the occupant or occupants. We think the idea of the legislature was to keep the improved highways open for travel and free from nonmoving vehicles. This purpose would not prohibit a temporary stop for a necessary reason. See 1 Blashfield's Cyclopedia of Automobile Law, p. 558."

In *Bowmaster* v. *William H. DePree Co.*, 258 Mich. 538, we held that the owners of a truck were not negligent *per se* in obstructing the wrong side of a highway for the purpose of rendering assistance to another motorist whose car was in a ditch, where proper notice was given by turning on the bright lights of the truck which was facing in the direction from which traffic would come.

In *Edison* v. *Keene*, 262 Mich. 611, we held that parking on a highway means something more than a mere temporary or momentary stoppage on the road for a necessary purpose.

See, also, *Ozga* v. *Clock*, 266 Mich. 58.

In entering judgment for defendants *non obstante veredicto,* the trial court stated:

"Plaintiff, on a road which he knew well, and on a morning when the weather conditions were bad, stopped his car on the pavement, when it was practicable for him to have driven off the highway."

The first question to determine is whether under the amended act, a temporary stop for necessary purposes may be made without violating the purposes of the amended act. The purpose of the amended act is to prevent the stopping or parking of a car on the main or paved portion of the highway when it can be parked off the main or paved portion of the highway. We do not think the act was intended to absolutely prohibit a temporary stop for necessary repairs.

Defendants rely upon *Holmes* v. *Merson,* 285 Mich. 136, for the rule that the violation of a statute is negligence *per se* if it is the proximate cause of an injury; and urge that plaintiff may not recover as it was practicable for him to stop his vehicle off the paved or main traveled portion of the highway as required by Act No. 318, § 26, Pub. Acts 1927, as amended by Act No. 318, Pub. Acts 1939.

Plaintiff urges that he was a pedestrian when he alighted from his car and was standing on the pavement engaged in the act of cleaning his windshield; and that "when it is practicable" to stop off the pavement is a question of fact for a jury and not a question of law for the court. Plaintiff relies upon *Marth* v. *Lambert,* 290 Mich. 557, in support of his claim that the contributory negligence of one stopping his automobile upon a paved highway to ascertain if repairs to his automobile are needed becomes a question for the determination of a jury. In that case plaintiff stopped his car on a paved highway, got out of his car and was in the act of examining his gas tank. When plaintiff got out of his car he saw defendant 200 feet away in the center lane of a three-lane highway and traveling in the same direction as plaintiff. We there held that plaintiff was not guilty of contributory negligence as a matter of law.

In the case at bar, plaintiff alighted from his car for the purpose of making necessary repairs. Safe driving required that his windshield be cleaned. He thought he was off the pavement when he stopped his car. Because of the frosted windshield, visibility was bad, whether it was practicable for him to have driven off the paved portion of the highway under the above circumstances becomes a question upon which the minds of men could well differ. We are unable to say that plaintiff was guilty of con-

tributory negligence as a matter of law in stopping his car on the highway as above related. Nor can we say that plaintiff was guilty of contributory negligence as a matter of law in doing what he did after he had stopped his car. He first saw defendant's car 200 feet away traveling on the opposite side of the highway from where plaintiff was traveling. When he alighted from his car and while in the act of cleaning his windshield, he saw defendant's car 20 feet away. At that time he did not have time to re-enter his car and drive to a place of safety. He did not stand on the pavement to await the onrushing car, but attempted to throw himself onto the hood of his car in order to avoid being hit. Under such circumstances his contributory negligence becomes a question of fact to be determined by the jury or a trier of facts.

It is conceded that defendant Don Smrchek was guilty of negligence and there being no question of excessive damages, it follows that the trial court was in error in entering judgment for no cause of action.

Judgment should be reversed and the cause should be remanded for entry of judgment on the verdict. Plaintiff should recover costs.

Bushnell, J., concurred with Sharpe, J.

Dethmers, J. I do not concur in the opinion of Mr. Justice Sharpe.

Plaintiff testified that there was a good, smooth shoulder, 8 or 10 feet in width, next to the pavement upon which he could have, intended to, and thought he had, driven and stopped his automobile; that his failure to discover that it was still on the pavement as he brought it to a stop was due to a light fall of snow which made it difficult to distin-

guish between the pavement and the adjacent shoulder, and the further fact that his vision was obscured by frost on the windshield so that he could not see whether he was on or off the pavement. He admitted that he could have rolled down the right front window and, by looking at a bank beyond the shoulder, determined where the shoulder was, but that he did not think he had to do that. Had plaintiff driven with his windshield cleared, he could have made a like determination.

There was nothing about the physical condition of the highway to prevent or render impracticable driving off the pavement and onto· the shoulder. This phase of the case presented no question of fact for the jury. But did the frosted condition of plaintiff's windshield serve to transform into a jury question whether it was practicable to park off the paved part of the highway? Section 4734, 1 Comp. Laws 1929 (Stat. Ann. § 9.1602) provides:

"(a)   It shall be unlawful for any person to drive any vehicle upon a highway with any sign, poster or other nontransparent material upon the front windshield, side wings, side or rear windows of such motor vehicle other than a certificate or other paper· required to be so displayed by law."

Violation of this statute was held to be negligence *per se* in the case of *Strong* v. *Kittenger,* 300 Mich. 126. Driving with windshield so covered with frost that driver cannot see where he is on the highway is negligence as a matter of law. *Ebel* v. *Bruzewski,* 296 Mich. 654; *Rowe* v. *Vander Kolk,* 278 Mich. 564. It was this negligence of plaintiff, and not any impracticability of driving off the pavement and stopping on the shoulder, that caused plaintiff to stop his automobile on the pavement. The trial court was correct in holding that, as a matter of law, it was

practicable for plaintiff to stop his automobile off the paved part of the highway and that, hence, his stopping the automobile on the pavement was in violation of the statute * and negligence *per se.*

Plaintiff urges that, because his automobile was not struck and he was hit while he was out of his automobile and standing on the pavement, the fact that his automobile was parked on the pavement was not a contributing factor to the accident. Here we must look to plaintiff's purpose in stopping his automobile and standing on the pavement alongside it. That purpose was to remove the frost from the outer surface of his windshield. Whether he had been struck while seated in his car and reaching out to clear the outside of his windshield, or, as actually occurred, while standing on the ground alongside his car similarly engaged, in either case the location of his automobile on the pavement would be one of the factors contributing to the accident. Had his automobile been parked off the pavement, as required by statute; while plaintiff was removing the frost from the windshield, he would not have been struck by defendant's car. Plaintiff's negligence in this regard was a proximate cause of the accident.

Citing the case of *Marth* v. *Lambert,* 290 Mich. 557, as authority therefor, plaintiff contends that he should be viewed as a pedestrian; that he was not required, as a matter of law, to look back for approaching vehicles; that after he saw defendants' car 200 feet distant on the opposite side of the pavement he could assume that defendant would continue to travel on that side; that he could assume "that the defendant would not operate his car blind." That plaintiff was not justified in the latter assumption follows from his testimony that he knew

---

* 1 Comp. Laws 1929, § 4718, as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4718, Stat. Ann. 1946 Cum. Supp. § 9.1586).—Reporter.

that frost was forming not only on his windshield but on that of any other car driving along there that morning and that he himself had been driving "blind" so that he could not see where he was on the highway. This factual element distinguishes the case from the *Marth Case* to such an extent that the plaintiff was not warranted in assuming that defendants' car would maintain its course on the left side of the pavement. This, coupled with his knowledge of the snow-covered condition of the highway, served, or should have served, to put plaintiff on notice that he had placed himself in a perilous position in which he was not warranted in disregarding approaching traffic and making no observation as to his own location on the highway.

In the case of *Marth* v. *Lambert, supra,* on page 565, appears the following:

"In *Tio* v. *Molter,* 262 Mich. 655, we said:

" 'Pedestrians in a public highway have a right to assume that the driver of an automobile will use ordinary care for their protection, *but they may not rest content on that assumption and take no care for their own safety.' People* v. *Campbell* (syllabus) 237 Mich. 424.'' (Italics supplied.)

What did plaintiff do to take care for his own safety? After getting out of his car he could have made observation and determined where he was standing on the highway. This he neglected to do. He just assumed he was on the shoulder. The *Marth Case* affords no authority for plaintiff's right to indulge in such assumption. Furthermore, although he saw defendants' car coming when it was 200 feet distant, he paid no further attention to it until it was but 20 feet distant and too late to avoid the accident. Applicable here is the following language from *Boerema* v. *Cook,* 256 Mich. 266, 268:

"The requirement that one must use reasonable care for his own protection was not satisfied with the single observation which plaintiff made.   *   *   * The situation was such as to call for further observation."

In the case of *Stern* v. *Franklin*, 290 Mich. 467, 471 (8 N.C.C.A.[N.S.] 113), we quoted with approval from 3 Cooley on Torts (4th Ed.) p. 423:

"One who voluntarily places himself in, or remains in, a position which he knows, or with reasonable care should know, is dangerous,   *   *   *   cannot recover for the ensuing injury."

Plaintiff testified that had he made observation and discovered that he was standing on the pavement, he would have done something else than he did. This might have been to re-enter his car or to step around it during the period of approximately five seconds while defendants' car was traveling 200 feet. Had plaintiff pursued either course, he would not have been hit.

I am not in accord with the theory that plaintiff was a pedestrian at the time of the accident. (See *Stout* v. *Skinner*, 283 Ill. App. 330; *Goff* v. *Eli Witt Cigar Co.*, 97 Fla. 544 [121 South. 570] and *Gooschin* v. *Ladd*, 177 Wash. 625 [33 Pac. (2d) 653]). Nonetheless, even though plaintiff be viewed as a pedestrian, his failure to observe where he was standing on the pavement and to make further observation of defendants' approaching car and to take care for his own safety constituted negligence, as a matter of law, contributing to the accident.

For these reasons I believe the judgment *non obstante veredicto* should be affirmed, with costs to the defendants.

Carr, C. J., and Butzel, Boyles, Reid, and North, JJ., concurred with Dethmers, J.