**CLARK v. DETROIT–PITTSBURGH MOTOR FREIGHT, Inc., et al.**

No. 8589.

United States District Court
E. D. Michigan, S. D.

Jan. 17, 1950.

Alexander, Cholette, Buchanan, Perkins & Conklin, of Detroit, Mich., for plaintiff.

Carl F. Davidson and George H. Gotshall, of Detroit, Mich., for defendants.

LEDERLE, Chief Judge.

### Findings of Fact.

1. This action was filed November 3, 1949, for damages resulting from personal injuries received by plaintiff, Charles R. Clark, in an automobile collision in Michigan allegedly caused by defendants' negligence. Plaintiff is a citizen of Michigan. The defendants, Detroit-Pittsburgh Motor Freight, Inc., and Edward Lantz, are citizens of Ohio. The amount in controversy exceeds the sum of $3,000, exclusive of interest and costs.

2. At about 9:15 on the morning of July 7, 1949, plaintiff, an employee of a bus company, was operating a motor coach between Detroit, Michigan, and Akron, Ohio. In connection with such employment, he was required to stop the bus and pick up passengers at various points along his route. On the morning in question, he was driving south on United States Highway No. 24, commonly called Telegraph

Road. Approximately one mile south of the Village of Flat Rock, at the intersection of Newburgh Road, he stopped the bus to pick up a passenger. After stopping, he opened the door to admit the passenger, and while leaning over his steering wheel carrying on the operation of opening the door, the bus was forcibly struck from the rear by a truck owned by defendant Lantz and leased to and operated south on Telegraph Road by the defendant Detroit-Pittsburgh Motor Freight, Inc. As a result of this rear-end collision, the heavy bus was forced forward approximately 120 feet. The plaintiff was thrown violently backward against his seat and his spine severely wrenched. The impact between the truck and the bus drove the bus motor, which is located in the rear end, forward, carrying with it several rows of seats. The bus was 33 feet long and weighed something over 16,000 pounds.

3. The shoulder of the road at the point where the bus was stopped was approximately 8 feet wide and in a bad state of repair. The weather was clear and the pavement was dry. The previous day it had rained, and holes in the shoulder were filled with water. When the bus stopped, the prospective passenger was standing on the shoulder approximately 3 feet from the side of the bus where the door was opened. At the time of the collision, the right wheels of the bus were on the shoulder approximately 3 feet to the right of the right edge of the pavement, and the brakes were set.

At the location of the collision, Telegraph Road is a four-lane paved highway, two lanes of pavement being provided for southbound traffic, and two lanes for northbound traffic, with distinct markings on the pavement indicating the boundaries of the various lanes. Newburgh Road is a dirt roadway with approximately 20 feet in width for vehicular travel. This roadway is widened out where it intersects Telegraph Road.

4. Defendants concede that they are guilty of negligence; but defend solely upon the ground that plaintiff was guilty of contributory negligence, both as a matter of fact and as a matter of law, and, for that reason, cannot recover in this action. Their sole claim of contributory negligence is based upon the theory that plaintiff violated Section 26 of Motor Vehicle Law of the State of Michigan. This section reads as follows: "Outside of the limits of any city or village, it shall be unlawful to stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or leave such vehicle off such part of said highway." Comp.Laws Supp.1940, Sec. 4718—Stat. Ann. 1946 Cum. Supp. Sec. 9.1586.

■ 5. At the time plaintiff observed he would have to stop to pick up the passenger, defendants' truck was approximately 700 feet behind the bus. The bus was equipped with adequate signal lights to indicate that it was about to stop. These lights were flashed twice by plaintiff before coming to a full stop. At this particular location it was not practicable for the plaintiff to stop the bus completely off the paved part of the highway. The plaintiff did everything that a reasonably prudent person would have done under like and similar circumstances, did not violate the Michigan law and was not negligent in stopping the bus in the manner that he did.

6. In support of their theory that plaintiff was guilty of contributory negligence as a matter of law, the defendants rely upon Paquette v. Consumers Power Co., 316 Mich. 501, 25 N.W.2d 599. This case affirmed the decision of the lower court, entering a judgment non obstante veredicto. The decision was by a divided court. Facts in the Paquette case differ so widely from the facts in the instant case that it cannot be considered as authority for holding that the plaintiff in this case was guilty of contributory negligence.

■ 7. Defendants were guilty of negligence which was the proximate cause of this collision and plaintiff's injuries, and plaintiff was free of negligence which contributed thereto.

8. Plaintiff notified his employer of the collision, and a substitute bus was driven to the location. Plaintiff then drove this substitute bus to Akron. After arriving in

64

Akron, he was treated by a physician. On the following day, July 8, plaintiff completed his run back to Detroit. On July 9 he made his usual run to Akron, and on July 11 returned to Detroit. During this time, he was in pain, suffering primarily from a continuous headache. Starting on July 11, he consulted with a Detroit physician, and took treatments over a period of about three weeks. These treatments consisted primarily of physiotherapy.

9. Prior to the collision, plaintiff was in good health and was continuously employed by the same company as a bus driver from June 12, 1936, except for the period of time he spent in military service. He was able to work seven days a week and also worked considerable overtime. During the year 1948, his total earnings were in excess of $4,400. For some time after the collision, he was unable to work and took his vacation to avoid the entire loss of pay. Since the collision, he has never been able to put in a full seven-day week and has been unable to work overtime, as he formerly did.

10. The headache plaintiff suffered immediately after the accident has continued to this date, and he has found no satisfactory remedy for this difficulty. It is conceded that prior to the collision, plaintiff had some calcium deposits, which caused him to have what is commonly called arthritis, but this condition has become aggravated as a result of the collision, and he also suffers pain in and around the lower portion of his spine.

11. The sum of $4,500 is reasonable compensation for the damage suffered by the plaintiff for loss of earnings, medical expenses, pain and suffering, both heretofore sustained and any that it is reasonably certain will necessarily result in the future.

## Conclusions of Law.

1. This court has jurisdiction of this civil action wherein the amount in controversy exceeds $3,000 and the parties are of diverse citizenship. 28 U.S.C.A. Rev. § 1332.

2. Where, as here, it is established that the defendants were guilty of negligence, that such negligence was the proximate cause of the plaintiff's injury and that the plaintiff was free from contributory negligence, it follows that the plaintiff is entitled to recover reasonable compensation for all injury and damages sustained.

3. Accordingly, judgment is being entered for plaintiff in the sum of $4,500, with costs to be taxed.

## Judgment.

In accordance with the foregoing Findings of Fact and Conclusions of Law,

It is ordered and adjudged that the plaintiff, Charles L. Clark, recover from the defendants, Detroit-Pittsburgh Motor Freight, Inc., and Edward Lantz, the sum of $4,500, with costs to be taxed.