George HEID, individually and as guardian
of Kelly Heid, minor child, Plain-
tiff and Respondent,

v.

Bernard SHAFER and Matt R. Shafer,
Defendants,

and

Bernard Shafer, Defendant and Appellant.

No. 8297.

Supreme Court of North Dakota.

Feb. 24, 1966.

Conmy, Conmy, Rosenberg & Lucas, Bismarck, for plaintiff and respondent.

Wolf, Glaser & Milhollan, Bismarck, for defendant and appellant.

STRUTZ, Judge.

The plaintiff brought this action to recover damages to his automobile and for damages to personal property belonging to his minor son, resulting from a collision with a car driven by the defendant Bernard Shafer and belonging to the defendant Matt R. Shafer. The latter was made a defendant on the theory that the automobile driven by Bernard was a family-purpose car. The defendant Bernard denied negligence on his part, and the defendant Matt counterclaimed for damages to his vehicle. At the opening of the trial, the plaintiff, having determined that Bernard was not a member of the family of Matt, and that at the time of the accident he was operating Matt's automobile for his own purposes, moved for a dismissal of the complaint against Matt, which motion was granted. Matt, however, remained in the lawsuit on his counterclaim against the plaintiff.

The issues of negligence of the defendant Bernard and the contributory negligence of the plaintiff were tried to the Honorable W. J. Austin, judge of the county court of increased jurisdiction of Burleigh County, without a jury. The trial court found for the plaintiff against the defendant Bernard Shafer and for the plaintiff on defendant Matt Shafer's counterclaim. The defendant Bernard appeals from the judgment entered, demanding a trial de novo.

No appeal was taken by the defendant Matt Shafer.

On this appeal, the appellant argues issues which may be stated as follows: First, was the defendant Bernard Shafer negligent; second, if he was, did the plaintiff commit acts which constituted contributory negligence; and, third, if the defendant was negligent, and if the plaintiff's actions constituted contributory negligence, is the defendant Matt Shafer, as owner of the automobile, entitled to recover on his counterclaim? Since Matt Shafer, however, has taken no appeal, we need not consider this last issue.

The record discloses that the plaintiff was operating his automobile in a westerly direction on Rosser Avenue in the city of Bismarck. The defendant was driving the vehicle belonging to Matt Shafer south on Nineteenth Street, and the collision between the two vehicles occurred in the northwest corner of the intersection of Rosser Avenue and Nineteenth Street. The record further shows that, as the plaintiff was about to enter the intersection, he observed the defendant's vehicle coming from the north on Nineteenth Street, at a distance of some 200 to 300 feet away. At that time, the plaintiff's wife, who was riding as a passenger in the plaintiff's car, called the plaintiff's attention to the fact that a car was coming. The plaintiff continued into the intersection, and suddenly realized that the defendant was traveling at a high rate of speed. In an attempt to clear the intersection before the defendant reached it, he stepped on the gas and accelerated his automobile. The defendant braked his vehicle just before the accident but he struck the rear right fender of the plaintiff's car, doing the damage complained of. The record shows that the defendant's car, on striking the plaintiff's vehicle, traveled only a few feet before coming to a stop. There also was evidence that the defendant's windshield was covered with frost and that the defendant pleaded guilty to a

criminal charge of careless driving arising out of the accident.

On trial de novo, the findings of the trial court are entitled to appreciable weight, especially when based on testimony of witnesses who appeared in person before that court. Renner v. Murray (N.D.), 136 N.W. 2d 794.

When two vehicles enter an intersection from different streets or highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right. Sec. 39–10–22(2), N.D.C.C.

Vehicles approach an intersection "at approximately the same time" under the right-of-way statute when there is imminent danger of collision at some point in the intersection if each maintains its established course and speed. Brower v. Stolz (N.D.), 121 N.W.2d 624; Johnson v. Sebens (N.D.), 86 N.W.2d 386.

However, the driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have. Sec. 39–10–22(4), N.D.C.C.

The trial court found that the defendant Bernard was traveling at an excessive rate of speed. We have examined the record and find that the evidence supports this finding. We further point out that a preponderance of the evidence discloses that the defendant Bernard was driving his vehicle with the windshield partly covered with frost. Driving an automobile through the streets of a city with the windshield covered with frost, except for a small area immediately in front of the driver, is almost as dangerous as attempting to drive while blindfolded. Driving an automobile with the windshield so covered with frost that the driver cannot clearly see where he is going, is negligence. Paquette v. Consumers Power Co., 316 Mich. 501, 25 N.W. 2d 599.

In addition to this evidence, which indicates negligence on the part of the defendant Bernard Shafer, the record shows that Bernard Shafer entered a plea of guilty to a charge of careless driving. This court has held that evidence of a plea of guilty to a criminal charge arising out of an automobile accident is admissible as an admission against interest, although such plea may be explained. Clark v. Josephson (N.D.), 66 N.W.2d 539. Therefore, we believe the record amply sustains the trial court in finding the defendant Bernard Shafer negligent in the operation of his vehicle.

We next consider the question of whether, under the evidence in the case, the plaintiff was negligent in the operation of his automobile. A motorist approaching a street intersection is entitled to assume that the driver of a vehicle approaching the intersection on a cross-street will conduct himself as a reasonably prudent driver would under the circumstances and will exercise due care in the operation of his vehicle. Pederson v. O'Rourke, 54 N.D. 428, 209 N.W. 798.

It is true that the defendant approached this intersection from the right, and, had both vehicles approached the intersection at approximately the same time, he would have had the right of way. But the right of way, under a statute or ordinance giving right of way at street intersections to the vehicle on the right, is not absolute. It must be exercised so as to be consistent with the safety and convenience of others and arises only where two vehicles approach an intersection at approximately the same time. Pederson v. O'Rourke, supra.

Statutes or ordinances giving right of way to the driver of a car on the right, when two vehicles approach an intersection from different streets at approximately the same time, place certain demands

upon the driver of the car on the left. He must maintain a lookout into the intersecting street to his right. If he observes a car on that street, he must exercise the judgment of a reasonably prudent person in determining whether the approach of the two vehicles to the intersection is at approximately the same time. If the approach of the two vehicles to the intersection is at approximately the same time, he must then yield the right of way to the car on the right.

 Here, the plaintiff, driving his vehicle at a slow speed, approached the intersection and, as he was about to enter it, observed the defendant's vehicle on Nineteenth Street, an intersecting street, some 200 to 300 feet away. At the time the plaintiff first saw the defendant's car, he had neither actual nor constructive knowledge of defendant's speed. The plaintiff first observed the defendant as he was about to enter the intersection, and, as the defendant was then some distance from the intersection, the plaintiff had a right to assume that the defendant was not traveling faster than the maximum speed fixed by ordinance. Under the circumstances, the vehicles were not approaching the intersection "at approximately the same time." The plaintiff further had a right to assume that, under these circumstances, the defendant would yield the right of way. Thus the plaintiff, on reaching the intersection and observing the defendant's vehicle on Nineteenth Street some 200 to 300 feet away, could properly assume that the defendant was not violating the rules of safe motoring by excessive speed or by failing to keep a proper lookout, and he had a right to assume that he, the plaintiff, had plenty of time to cross the intersection.

We have examined the evidence and we find that the court properly determined that, under all of the circumstances disclosed by the evidence, the plaintiff was not negligent.

There being no error in the record, the judgment of the trial court is affirmed.

C. F. KELSCH, District Judge, and ERICKSTAD, KNUDSON, and TEIGEN, JJ., concur.

BURKE, C. J., did not participate; C. F. KELSCH, District Judge of the Sixth Judicial District, sitting in his stead.