CLARK *v.* CANFIELD

Appeal from Berrien, Chester J. Byrns, J.  Submitted Division 3 April 9, 1969, at Grand Rapids. (Docket No. 4,663.)   Decided April 22, 1969.

Complaint by Everett Clark against Frank Canfield for damages resulting from an automobile collision.  Counterclaim by defendant against plaintiff. Judgment of no cause of action on both complaints. Plaintiff appeals.  Affirmed.

*James Thomas Sloan, Jr.,* and *Ralph O. Birkhold,* for plaintiff.

*Seymour, Seymour & Conybeare,* for defendant.

BEFORE: QUINN, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM.  This cause is a negligence action brought by plaintiff, Everett Clark, against Frank Canfield, defendant, for injuries received in an accident claimed to have been caused by the negligence of defendant.  Defendant filed a counterclaim against plaintiff for damages for loss of use of his truck and for injuries received in the same accident, allegedly caused by plaintiff's negligence.

After a 4-day trial the jury returned verdicts in both cases of no cause of action.  The plaintiff filed

a motion for new trial claiming error in the failure of the court to give 3 requested instructions of plaintiffs and error in the giving of 2 instructions requested by the defendant. Upon denial of the motion for new trial, plaintiff has appealed.

The pertinent facts as to plaintiff's case appear to this Court as follows: The accident happened on December 1, 1962, at about 6:04 a.m. on highway I–94, a limited access highway on the side of the highway limited to traffic traveling in the direction of Chicago.

The pavement was dry, the weather was clear and it was dark. The plaintiff, while in his car with a passenger, Donald DeRuyscher, was struck from the rear by defendant who was driving a GMC tractor with a trailer load of Christmas trees. Plaintiff was seriously and permanently injured.

Plaintiff offered, as witnesses, himself; Eugene Eklund, the police officer who investigated the accident; Donald DeRuyscher, plaintiff's passenger; and called the defendant under the statute for cross-examination.

The plaintiff claimed that he suffered amnesia as the result of the accident and had no memory of what happened after 5 p.m. of the day previous to the accident. From the testimony of the witness Donald De Ruyscher it was established that plaintiff and the witness met at the Town Bar in Kalamazoo late in the evening of November 30, 1962, where they drank some beer together. After leaving the bar they went to a garage where they secured an arc welder and placed it in the back of the car and again went to the Town Bar where they had some more to drink. Thereafter the arc welder was unloaded and placed in someone else's car and they then went to the witness's house taking 6 bottles of beer with them. At the witness's home they drank some more beer.

They then left for Chicago. They ran out of gasoline and secured some in or near Kalamazoo and then drove on the I-94 highway in the direction of Chicago. As they neared the scene of the accident they were driving 40 miles per hour. Plaintiff's car developed battery trouble, the battery tipping over and "shorting". The car coasted until it came to a stop. The witness stated that he believed the left 2 wheels of the car were on the main traveled portion of the right traffic lane and the right 2 wheels were on the shoulder of the road. Plaintiff straightened the battery and asked the witness to try to start the motor but it wouldn't turn over. The witness suggested that the 2 of them push the car off the highway, but the plaintiff declined, thinking it was best to sit there so that they could get a push. From the time the car stopped and the plaintiff tried to fix it they were "stopped on the highway" for about 15 minutes. Neither plaintiff nor the witness tried to flag down oncoming traffic. Several vehicles passed while they were there and the witness stated that the plaintiff flashed the lights on and off. The witness fell asleep just after the plaintiff was reentering the car after straightening the battery. The witness had no memory of anything that happened thereafter.

The defendant testified he was driving a tractor and 35-foot semi-trailer, with a combined weight when empty of about 20,000 pounds, in a westerly direction on I-94 in the right traffic lane at a speed of from 45 to 50 miles per hour. As he came over a little hill he saw a car in the center of the right traffic lane which he assumed was moving "because it was on an interstate highway and the speed limit was 60 miles per hour for cars. Cars had been passing me all night. The tail lights were on and you sure weren't expecting somebody to be sitting right smack

in the middle of the road." The defendant looked down at his gauges turning on an over-head light and when he next saw the car "I was right on top of it." He could not recall if he had time to apply the brakes before his truck hit the rear of plaintiff's car.

It was established by officer Eugene Eklund that the debris was in the right hand traffic lane. To the immediate right of that lane was a 10-foot paved shoulder that was for emergency stopping to make repairs, *et cetera*.

Plaintiff claims error on the part of the court in failing to give plaintiff's requested instructions Nos 14 and 15 as follows:

(14) "Under the automobile statutes of this State, the term 'park' has been defined by the courts as meaning, in substance, the voluntary act of leaving a car on the main traveled portion of the highway when not in use. It means something more than a mere temporary or momentary stoppage on the road for a necessary purpose.

"While the statute prohibits parking on the pavement, the mere stopping of a vehicle because of a breakdown, does not constitute parking, nor is it necessarily negligence.

(15) "The law of this State has recognized the right to stop a vehicle on the highway for various emergency purposes. Where a vehicle has been stopped on the highway for the purpose of ascertaining trouble with the vehicle and the making of such necessary repairs as would enable the operator to proceed, the operator thereof is not guilty of contributory negligence as a matter of law."

The court did not give requested instruction No 14 in the specific language requested, but did instruct the jury substantially to the same effect by reading the statute concerning parking, CLS 1961, § 257.672 (Stat Ann 1960 Rev § 9.2372), giving the statutory definition of a highway and street, CLS 1961, § 257.20

(Stat Ann 1968 Rev § 9.1820), and then giving the statutory definition of parking, CLS 1961, § 257.38 (Stat Ann 1968 Rev § 9.1838) as follows:

" 'Parking' means standing a vehicle, whether occupied or not, upon a highway, when not loading or unloading except when making necessary repairs."

We conclude that the failure to give instruction No 14 in the words requested was not prejudicial error. *Ter Haar* v. *Steele* (1951), 330 Mich 167; and *Berry* v. *Visser* (1958), 354 Mich 38.

Plaintiff's requested instruction No 15 would be erroneous because if the jury found that the plaintiff could have parked on the 10-foot paved shoulder provided for emergency stopping or parking for repairs but failed to do so, he would be guilty of contributory negligence. *Paquette* v. *Consumers Power Co.* (1947), 316 Mich 501.

Plaintiff alleges error in giving in modified form defendant's requested instructions Nos 2 and 3 which are as follows:

(2) "I instruct you that if you find that the plaintiff was stopped in the traveled portion of the highway and in the [defendant's] lane of travel and that he had an opportunity to, but did not, give warning to the defendant or to other users on that highway and if you further find that such failure to warn the defendant under the circumstances then existing was negligence within the meaning of the term, as I have defined it to you; and if you further find that this was one of the proximate causes of the accident and plaintiff's injuries then you would return a verdict of no cause for action as to the claim of the plaintiff."

(3) "I charge you that if you find that the plaintiff did remain in his vehicle and you further find that he knew or should have known that this was a place of danger, that the plaintiff was there for a period of time, when he had the physical ability to remove him-

self to a place of safety and you find that he did not
so remove himself and you find that such failure was
negligence, under the conditions and circumstances
then existing and negligence within the definition
I have given you of negligence, and you further then
find that such negligence was a proximate cause of
this accident, then you would return a verdict of no
cause for action as to the claim of the plaintiff
against the defendant."

Under the facts in this case, we conclude that the
instructions were not erroneous. *Paquette* v. *Consumers Power Co., supra.*

Affirmed. Costs to defendant.