SCHARFENSTEIN COAL CO., INC., v. CLAIBORNE

———

(July 1, 1931. Opinion and Decree.)
(August 20, 1931. Rehearing Refused.)

———

Milner & Porteous and F. Carter Johnson, Jr., of New Orleans, attorneys for plaintiff, appellant.

Arthur M. Curtis, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. This suit results from an intersectional collision between a Buick automobile and a coal truck laden with a ton of coal. Plaintiff, the owner of the coal truck, sues for damages to his truck in the sum of $206.01. Defendant reconvenes and claims damages to his Buick car in the sum of $110. There was judgment below in defendant's favor dismissing plaintiff's original demand and awarding him judgment in reconvention, as prayed for.

Plaintiff's coal truck was proceeding out Washington avenue from the lake toward the river, and defendant's Buick, driven by himself, was coming down Carondelet street in the direction of Canal street. The collision occurred at a point somewhat beyond the middle of the intersection, and nearer the river than the lake side. The usual conflict concerning the speed of the colliding vehicles is found in the record, but we are convinced that neither the truck nor the Buick car were guilty of excessive speed. The intersection where the accident occurred is equipped with a semaphore signal with the usual three-colored lights, red, amber, and green.

Section 14 of article 1 of the traffic ordinance, which has been introduced in evidence, reads as follows:

"Police Semaphore Signals—The following semaphore signals for the movement of traffic are hereby established:

"(a) Red.—When shown on any traffic signal, illuminated or otherwise, shall indicate that traffic shall stop, and remain stopped as long as the red signal is shown.

"(b) Green.—When shown in any traffic signal, illuminated or otherwise, shall indicate that traffic shall move in the direction of the signal, and remain in motion as long as the signal is shown.

"(c) Amber.—When shown in any traffic signal, illuminated or otherwise, and whether connected with a warning bell or not, shall indicate that a change is about to be made in the direction of the flow of traffic. When such amber signal is shown, traffic which has not already crossed the white lines of the intersection, shall stop, but traffic which is already on the intersection shall continue to move until clear of the intersection, provided pedestrians shall be privileged to cross street intersections while such amber signal is showing."

The driver of plaintiff's truck left plaintiff's employ and removed from the city before the date of the trial in the lower court, and plaintiff being unable to locate him, his testimony was not taken, but a party by the name of Franklin, who was riding on the driver's seat of the truck at the time of the accident, testified that the truck entered the intersection on the green signal and had almost completed the crossing when he was struck by defendant's Buick, knocked sidewise six feet, and overturned. Mr. James Johnston was driving behind plaintiff's truck a distance of about 50 yards. He corroborated Franklin's testimony, and also testified that after the accident he examined the semaphore as it appeared from the Carondelet street intersection and discovered that the red light failed to burn, indicating that the mechanism was out of order. Mr. Scharfenstein, who arrived on the scene of the accident shortly after it happened, testified that he also inspected the traffic semaphore, and found that the red light did not show on Carondelet street, and that after the accident a police officer was placed there to direct the traffic.

On the other hand, defendant and two other gentlemen who were in his car testified that they entered the intersection at about twenty miles an hour on a green light, and were prevented from seeing the truck in the intersection because of a high brick wall at that corner, which obscured their vision.

We are inclined to believe that the witnesses on both sides were correct in essential details, and that both vehicles entered the intersection on a green light because of the fact that the semaphore was out of order. Two witnesses testified that the red light, immediately after the accident, did not show on Carondelet street, and three that the green light was showing at the same time that the two other witnesses state that green was exposed to traffic approaching on Washington avenue. It is evident to our minds that the mechanism which controlled the change in the light from green to amber and amber to red on the Carondelet street intersection did not work, and that green was exposed to both lines of traffic. This being true, we find no fault with the operator of either vehicle, and impute the accident to the peculiar situation obtaining. Under the circumstances, neither party should recover.

It is therefore ordered that the judgment appealed from be amended, in so far as it awards judgment to the defendant, plaintiff in reconvention, and against the plaintiff, defendant in reconvention, and it is now ordered that the defendant's reconventional demand be dismissed. Both parties to bear their own costs. As thus amended, the judgment appealed from is affirmed.

JANVIER and HIGGINS, JJ., absent and take no part.

MORENO and DUNBAR, Judges ad hoc, participating.