Alleging that an automobile collision at the intersection of Murphy and Texas Streets in Shreveport, Louisiana, resulted from defendant's poor vision, his negligence in speeding and in failing to keep a proper lookout, and from his disregarding a red traffic light, plaintiffs sued for $482 damages, consisting of several elements.
Defendant's answer was that he was proceeding northerly on Texas Street at 15 miles an hour, with a green light, when plaintiffs' car made a sudden left turn directly into his path and in disregard of the right of way in his favor by virtue of the Texas Street green light.
The trial judge gave judgment for defendant and plaintiffs appealed.
The color of the traffic signal facing Texas Street at the time of the collision is the decisive factor in the case. City traffic rules permit a left turn at this intersection on red light — a lighted blue arrow pointing left is visible over the red signals on Texas Street from either direction. At the time of the collision plaintiffs were making a left turn off Texas Street and defendant was proceeding along Texas Street directly through the Murphy Street intersection. Therefore, if the Texas Street signal was green, he had right of way over plaintiffs' left turn move.
The plaintiff's (Philip M. Kihneman) testimony that they entered the turn on red light (with left pointing blue arrow) is supported by his wife, who was in the car with him; by the testimony of a conworker of hers, who was awaiting a trolley, and by the testimony of a police officer and another witness that defendant — after the accident — said he had a blue light (plaintiff at the same time was asserting that he had a blue arrow in his favor). *Page 619 
Defendant did not deny that in the excitement following the accident he may have said a blue light was in his favor, but maintained that he entered the intersection on the green light. Defendant's wife, who was with him at the time, likewise testified that the light was green. Three witnesses testified that they were in a car proceeding some two car lengths behind defendant and that he entered the intersection on a green light. A doubt is raised as to their having been there by the fact that they did not stop at the time and first disclosed themselves as having knowledge of the accident some days later.
From our close study of the record we cannot reach a firm conclusion as to the color of the Texas Street signal at the time of the accident.
The plaintiff must make out his case by a preponderance of the evidence. The trial judge, who saw and heard the witnesses, found for the defendant. Our careful examination of the record does not lead us to a different conclusion.
The judgment is affirmed with costs.