GLADNEY, Judge Ad Hoc.
This'action arose from a collision at the intersection of Elliott and Chester Streets in *214 the City of Alexandria on December 17, 1949, about 1:00 p. m., in which a Packard sedan driven by Farris Fardeecey and the Chrysler sedan of Wilmer W. Funchess came together with resulting property damage and personal injuries. Joined as party defendants are Mrs. Gladys T. Funchess, wife of Wilmer W. Funchess, and the insurer of the Chrysler automobile, the National Casualty Company.
It is alleged the Chrysler car driven by Mrs. Funchess, who was accompanied by her seventeen year old daughter Betty Sue, was proceeding in a southerly direction towards Elliott Street at the time of the accident; that in the center o'f the intersection of Elliott with Chester Street and at a height of twenty feet above ground level there was in operation a traffic signal light which shows a red or stop light, and a green or go light at intervals, indicating which street is favored for traffic. We find in the transcript no evidence of the provision of the traffic ordinance applicable but as all parties seem to concede the foregoing allegation to be correct, we do not attach importance to the omission. Appellant, Farris Fardeecey, further alleges that he, at the time aforesaid, was traveling westward along Elliott Street, and, when he was midway of the block approaching Chester Street, observed the signal light change to a green light in his favor; that he continued on at a speed of ¡about fifteen miles per hour into the intersection where his car was struck violently by the car driven by Mrs. Funchess.
The defendants, appellees herein, have denied the essential allegations of the petition, admitted the two cars collided at the intersection of Elliott and Chester Streets and conceded each car was traveling in the general direction as above related, but allege that at the time of the accident Mrs. Funchess was proceeding along Chester Street on a green signal light and that Far-deecey ran a red light when entering the intersection.
Appellant attributed to Mrs. Funchess certain acts of negligence which he enumerated as running a stop light, exceeding the speed limit, failing to keep a proper lookout, and the failure to apply brakes and stop her car before the impact. Finally, he-interposes an alternative plea which invokes the doctrine of the last clear chance. Appellees contend that the sole proximate cause of the accident was appellant’s failure to observe a red light signal when entering the intersection, and, in the alternative, ap-pellees specially plead contributory negligence on the part of Mr. Fardeecey.
The lower court rendered judgment rejecting the demands of Fardeecey. Written reasons for judgment were not assigned, or, if so, have not been incorporated in the record.
The only witnesses to the collision were the three occupants of the two cars, Mr. Fardeecey and Mrs. and Miss Funchess. Their testimony is similar in that it was raining rather heavily at the time, that the speed of each car upon entering the intersection was about fifteen miles per hour, and that following the impact the Funchess car veered slightly to the right before coming to rest at an angle against a fence enclosing property located at the southwest corner of the intersection, whereas the other vehicle turned towards its left and was stopped along the west curb of Chester Street just south of the intersection.
Before coming to a stop, the right side of the Packard sedan struck a curb and a post. Pictures offered in evidence by ap-pellees indicate the left front of the Fun-chess car bore the brunt of the impact. Mr. Fardeecey testified his automobile was struck on the right side near the rear door, and says that this is a fact to be inferred from the repair bill which shows damages to his car principally at this point. After giving our attention to the bill, we cannot agree the inference he draws is warranted. Some damage to the side of the Packard undoubtedly resulted from contact with the ■curb and post. Appellant’s testimony, however, is contrary to- that of police officer F. S. Gallien, who visited the scene of the accident shortly thereafter, for he testified the more serious damage was towards the front end.
Appellant, in argument, does not insist that the Chrysler' was being driven at an excessive rate of speed and we do not con *215 sider such was the case. He does contend, but without force, that the vision of Mrs. Funchess was obscured to the side and except for her failure to maintain a proper lookout, she would have observed his approach and stopped her car. Mrs. Funchess declares she entered the intersection relying on ¡a green light, and we cannot say this is not a true fact. If so, appellant’s opportunities and responsibilities were equal.
In the 'last analysis appellant depends for recovery on showing that he preempted the intersection timely enough for Mrs. Fun-chess to have avoided the collision, and that Mrs. Funchess ran a red light.
We do not find merit in his contention he preempted the intersection and the evidence adduced does not sustain his point. The exact locus of the 'collision is not clear, though it would appear as fixed in the intersection somewhat north and west from the traffic light by only a few feet. On this point Mr. Fardeecey testified:
“Q. I think those streets out there are approximately fifty-three feet wide, that is the normal width of a street in Alexandria. How far were you into the intersection or what was the position of your car with reference to that intersection when you were struck? A. Well, I was nearly across the light and the first impact was my right rear door.
“Q. Had your car passed completely under the light, or was it in the process of passing under the light? A. No, it was in the process of passing under the light.
“Q. With reference to your travel were you in the right hand lane of traffic going out west? A. Yes sir.
“Q. In what lane of travel was the Fun-chess automobile ? A. She would be in the right hand lane going south.”
Resort to circumstantial evidence, that is to say, the relative positions of the two vehicles as they came to a stop, and evidence as to which portions of the cars were in contact at the moment of collision, leads us to no definite conclusion. Although Mr. Far-deecey may have traveled somewhat the further distance into the intersection, his lead was so slight it could have resulted from the control of either car by braking or acceleration, and, hence, is not necessarily indicative that appellant’s automobile preempted the intersection.
Manifestly each driver, if truthful, thought he was favored with a green light. Liability, if it can be determined, must rest upon the driver found to be in error as to the signal. Each driver is positive the green signal light was favorable upon entering the intersection, and reference to the circumstantial evidence does not tip the ' scales in favor of either. The testimony of Mr. Fardeecey is contradicted by that of Mrs. and Miss Funchess on this important point in the case.
In Scharfenstein Coal Co., Inc. v. Claiborne, 17 La.App. 212, 135 So. 744, an automobile collision at a street intersection occurred when the traffic signal, being out of order, showed a green light to both drivers. In rejecting the demands of both drivers the court said there was no fault with either operator. In the instant case the signal light did not work imperfectly, but in the absence of proof as to> which driver wrongly entered the intersection, we are left in the same position as the court was in the cited case. A somewhat similar situation was presented to this court in Kihneman v. Nejim, La.App., 29 So.2d 618, where plaintiff, driving under traffic regulations in Shreveport, had the right-of-way if the traffic signal was green, and defendant, who was approaching from the opposite direction and intending to turn left, had the right-of-way if the traffic light was red with a blue arrow authorizing turn, and the evidence was such that the court could not reach a firm conclusion as to the color of the light, we held that plaintiff failed to make out his case by a preponderance of the evidence. We likewise conclude that appellant in the instant case has not sustained the degree of required proof on this phase of the case.
That the doctrine of the last clear chance may be brought into play and thus support a judgment in favor of appellant is not justified from the facts prevailing herein. The evidence would indicate that *216 neither driver believed the collision, imminent until too late to alter movement. It is likewise unnecessary to discuss appel-lees’ plea of contributory negligence. The case turns upon the failure of one of the drivers to observe the proper signal light, and we are unable to- determine from all the evidence which driver was at fault and which was in the right.
It follows that appellant failed to-sustain by a preponderance of the evidence the burden of proof essential to a judgment in his favor. From the evidence adduced we cannot infer negligence on the part of Mrs. Funchess by reason of undue speed, failing to maintain a proper lookout, or to stop her automobile before striking appellant’s automobile. We assume each of the witnesses to be equally credible and that each testified to the facts as he believed them to be. The trial judge who saw and observed the witnesses did not believe appellant made out his case and dismissed his suit. We concur with the ruling as we find no manifest error therein.
The judgment appealed from is affirmed, at appellant’s costs.